

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 29, 1958

Honorable Jim Bates
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. WW-493

Re: Office under which a
candidate's name should
be printed on the gen-
eral election ballot
where he has been certi-
fied as the nominee of
a political party for
the office of county
commissioner and the of-

Dear Mr. Bates:
fice of county clerk.

      You have requested an opinion as to the office under
which the county clerk of Hidalgo County should order the name
of Vern Carlson to be printed on the ballot as the nominee of
the Republican Party at the general election to be held on
November 4, 1958. Your opinion request is based on the following
facts:

      According to the returns filed with the county clerk,
Mr. Carlson received two votes for the office of county clerk
of Hidalgo County and six votes for the office of county com-
missioner of Precinct No. 4 of Hidalgo County at the primary
election held by the Republican Party in Hidalgo County on July
26, 1958, the votes for county clerk having been cast at one
polling place and the votes for county commissioner having been
cast at another polling place. There were no other candidates in
the Republican primary for either of these offices, as far as
shown by the returns of the election. You have informed us that
so far as you are able to ascertain the votes cast for Mr. Carl-
son for each of the offices were write-in votes. The Chairman of
the Republican Executive Committee for Hidalgo County has certi-
fied the name of Mr. Carlson as the Republican nominee for each
of these offices, and Mr. Carlson has not to date filed a decli-
nation of the nomination for either office.

      This opinion is predicated on the assumption that the
certificate of the County Chairman is in proper form and regular
on its face.

Article 6.01 of Vernon's Texas Election Code contains the following provision  applicable to the general election ballot:

"* * * The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two (2) or more offices permitted by the Constitution to be held by the same person."

Articles 13.31 and 13.32 of the Texas Election Code provide that the county clerk shall "cause the names of all the nominees to be printed on the official ballot" and shall "order all the names of the candidates so certified printed on the official ballot as otherwise provided in this title." These directions must be construed in conjunction with the provision in Article 6.01 quoted above.

The clerk may not go outside the official records to determine disputed issues of fact or of mixed fact and law in determining the eligibility of a candidate to have his name printed on the ballot. Weatherly v. Fulgham, 271 S.W.2d 938 (Tex.Sup. 1954); Ferris v. Carlson, 314 S.W.2d 577 (Tex.Sup. 1958); Att'y Gen. Op. V-1529. But he may and should determine whether the Constitution permits a person to hold the two offices for which a candidate has been certified as the nominee before he orders the name of the candidate printed on the ballot under both offices, this being purely a question of law not dependent on any facts which would have to be ascertained outside official records. Purcell v. Lindsey, 314 S.W.2d 283 (Tex.Sup. 1958).

The common law rule, which prevails in Texas, is that a person may not hold two incompatible offices. Article XVI, Section 40 of the Constitution of Texas adds a further prohibition against a person's holding more than one civil office of emolument, except an office specifically exempted, regardless of whether the offices are incompatible. This constitutional provision reads in part as follows:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of * * * County Commissioner, * * *."

This provision has not abrogated the common law rule. It permits a person to hold two civil offices of emolument, one of which is the office of county commissioner, provided the office of county commissioner is not incompatible with the other office; but it does not permit the holding of two incompatible

offices even though one of the offices is that of county commissioner. Thomas v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex.Com.App. 1927); Att'y Gen. Op. O-2640 (1940). In 34 Tex.Jur., Public Officers, § 18, it is stated:

"As is the rule at common law, the same person cannot hold two incompatible offices. Acceptance and qualification for an office incompatible with one already held is a resignation or vacation of the office held, regardless of whether both are offices of emolument within the meaning of the Constitution. Offices are incompatible where their duties are or may be inconsistent or conflict, but not where their duties are wholly unrelated, are in no manner inconsistent and are never in conflict, and where neither officer is accountable or under the dominion of, or subordinate to, the other, or has any right or power to interfere with the other in the performance of any duty. * * *"

We are of the opinion that the offices of county commissioner and county clerk are incompatible. The commissioners court fixes the compensation of the county clerk within the limits set by the Legislature. Arts. 3883h and 3883i, Vernon's Civil Statutes. It decides on the number of deputies the clerk may appoint and fixes their compensation within the limits set by statute. Art. 3902, V.C.S. The clerk must make a report to the commissioners court of moneys collected by him and the court must pass on the correctness of the reports. Art. 1617, V.C.S. The county clerk serves as clerk of the commissioners court. Tex. Const., Art. V, Sec. 20; Art. 2345, V.C.S. These examples of the supervision which the county commissioners exercise over the county clerk and of the conflict between the duties of the two offices are sufficient to show that the offices are incompatible.

Since Mr. Carlson's name should not be placed on the general election ballot as a candidate for both offices, the next question is which office he should be listed under.

Although the legality of a nomination by write-in votes is outside the scope of the clerk's inquiry, it may be noted that a nomination may be made by write-in votes. Dunagan v. Jones, 76 S.W.2d 219 (Tex.Civ.App. 1934). Upon receiving the necessary votes to nominate him for two different offices, we think Mr. Carlson has the right to choose which nomination he will accept. We do not know of any prior ruling directly in point, but an analogous situation was presented in Williams v. Huntress, 272 S.W.2d 87 (Tex.Sup. 1954), where a person who had been nominated in the primary election for one office and

later nominated by the state convention for another office was permitted to choose which nomination he wished to accept. Westerman v. Mims, 227 S.W. 178 (Tex.Sup. 1921), held that a person could decline a party nomination and accept nomination as an independent candidate. It has also been held that a person who has been elected or appointed to two incompatible offices may choose which of the two positions he will hold. See 34 Tex.Jur., Public Officers, § 19. Mr. Carlson may make his choice of nominations by filing with the county clerk a declination of the nomination he does not wish to accept, as provided in Article 13.56 of the Election Code. Westerman v. Mims and Williams v. Huntress, supra.

While the county clerk may not be under an affirmative duty to notify Mr. Carlson that his name cannot be placed on the ballot under both offices and that he should choose the office for which he wishes to be a candidate, it is our advice that the clerk give him this notice so that there will be no question of the clerk's having failed to perform his duty.

We have not reached any conclusion on what the clerk should do in the event Mr. Carlson does not decline one of the nominations. If he fails to file a declination of one of the nominations within a reasonable time after the notice and prior to the time the clerk is required to post the names of the candidates as provided in Article 13.32 of the Election Code, we will then make a further study of the question of the clerk's duty with respect to placing his name on the ballot under one or the other of the offices and issue an opinion on it. We are not holding that the declination would be ineffectual if not filed within a reasonable time after notice, but the clerk would be justified in asking for further advice at that time so that an opinion could be rendered by the time he is required to order the ballots printed.

## SUMMARY

The offices of county commissioner and county clerk are incompatible and a person may not have his name placed on the general election ballot as a candidate for both offices. A person who has been certified as a party nominee for both of these offices may choose which nomination he wishes

Honorable Jim Bates, page 5 (WW-493)

> to accept by filing a declination of the nomination he does not wish to accept, and his name should be placed on the ballot under the office for which he chooses to be a candidate.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:bh

APPROVED:
OPINION COMMITTEE
Geo. P. Blackburn, Chairman

F.C. Jack Goodman

William E. Allen

C. Dean Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY:
     W.V. Geppert