

# THE ATTORNEY GENERAL
## OF TEXAS

December 22, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. James B. Adams
Director
Texas Department of
  Public Safety
P. O. Box 4087
Austin, Texas   78773

Opinion No. JM-588

Re:  Whether article XVI, section 40 of the Texas Constitution prohibits DPS officers from serving as members of the governing bodies of school districts, cities, towns, or other local governmental bodies

Dear Mr. Adams:

You ask whether article XVI, section 40, of the Texas Constitution prohibits commissioned Department of Public Safety [DPS] officers from serving on the governing bodies of school districts, cities, towns, or other local governmental districts. Article XVI, section 40, provides in part:

> Sec. 40.  No person shall hold or exercise at the same time, more than one civil office of emolument. . . .
>
>    . . . .
>
> <u>State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers</u>, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.  (Emphasis added).

Attorney General Opinion H-1027 (1977) considered whether commissioned officers of the Department of Public Safety were "appointed officers" required to take the constitutional oath of office. See Tex. Const. art. XVI, §1. The opinion concluded that DPS officers were appointed officers who were required to take the oath, reasoning as follows:

> Rangers and officers commissioned by the Director of the Department of Public Safety are

> specifically designated as 'peace officers' by
> article 2.12 of the Code of Criminal Procedure.
> Policemen have been described by the Supreme Court
> of Texas as 'public officers,' Sawyer v. City of
> San Antonio, 234 S.W.2d 398, 401 (Tex. 1950). We
> have also concluded that 'a policeman occupies a
> civil office.' Letter Advisory No. 63 (1973) at
> 2. We believe that officers commissioned by the
> Department of Public Safety likewise hold a
> 'public office' and a 'civil office' and must,
> therefore, take the constitutional oath of office
> before entering upon their duties. Indeed,
> officers of the Highway Patrol Division of the
> Department of Public Safety are statutorily
> required to take the oath. V.T.C.S. art.
> 6701d-11, §16. See V.T.C.S., art. 4413(12).

Section (4) of article 4413(11) states that officers of the Texas Rangers "shall be clothed with all the powers of peace officers, and shall aid in the execution of the laws." Officers of the Highway Patrol Division are "clothed with all the powers and authority which is . . . given to members of Texas Ranger force." V.T.C.S. art. 4413(12), §(4). See also Irwin v. State, 177 S.W.2d 970 (Tex. Crim. App. 1944) (city policeman and deputy sheriff are officers); Attorney General Opinion V-229 (1947) (members of state highway patrol are officers).

We conclude that compensated DPS officers are subject to article XVI, section 40, of the Texas Constitution, and may not hold a second civil office of emolument.

A compensated officer is not prohibited by article XVI, section 40 from holding a second office to which no emoluments attach. See, e.g., Educ. Code §23.19(e) (trustees of independent school district do not receive emoluments). The personnel of your agency are, however, also subject to a statutory prohibition on political activity:

> No person in the Department shall contribute any
> money or other thing of value for political
> purposes, nor shall any person in the Department
> engage in political activities or campaign for or
> against any candidate for any public office in
> this state. Any person violating any provision of
> this subsection shall forfeit his position with
> the Department.

V.T.C.S. art. 4413(9), §(2). See V.T.C.S. art. 6252-9f, §5. This provision forbids DPS personnel from engaging in partisan political activities, including campaigning for an elected office. Attorney General Opinion MW-149 (1980); see Attorney General Opinion M-1099

(1972). The following provision of article XVI, section 40 overrides article 4413(9), section (2) with respect to DPS employees:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas <u>and who are not State officers</u>, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

Article XVI, section 40 protects a state employee from dismissal on the ground that he is a candidate for one of specified local offices or holds such an office. Attorney General Opinion MW-149 (1980); Attorney General Opinion H-659 (1975). Department of Public Safety Officers are not, however, covered by the quoted constitutional provision. Article 4413(9), section (2) would prohibit a DPS officer from running for or holding a partisan office in local government.

Particular instances of dual office holding may also be barred by the common law doctrine of incompatibility or by the separation of powers doctrine embodied in article II, section 1, of the Texas Constitution. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927); Attorney General Opinions JM-203, JM-141 (1984).

## S U M M A R Y

Commissioned officers of the Department of Public Safety are civil officers within article XVI, section 40. Article 4413(9), section (2), V.T.C.S., prohibits them from campaigning for election to a partisan political office or holding such an office.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General