OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 26, 1999

The Honorable J. Steven Houston
Brewster County Attorney
P.O. Box 323
Alpine, Texas 79831

Opinion No. JC-0054

Re: Whether the Brewster County Attorney may simultaneously serve as an attorney for the City of Alpine (RQ-0041)

Dear Mr. Houston:

You ask whether you may serve as both Brewster County Attorney and an attorney for the City of Alpine, which is located in the county. We conclude that because you are employed by the city and are not an officer, your city service does not implicate either the constitutional bar on dual-office holding, *see* TEX. CONST. art. XVI, § 40, or the common-law doctrine of incompatibility. In addition, because the Professional Prosecutors Act, TEX. GOV'T CODE ANN. ch. 46 (Vernon 1988 & Supp. 1999), does not apply to the Brewster County Attorney, that Act does not preclude you from serving as an attorney to a city.

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." For purposes of this provision, a person holds an "office" as opposed to mere employment if he or she "exercises a 'sovereign function of the government . . . largely independent of the control of others.'" Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2 (quoting *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955)); *see also Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.–Beaumont 1966, writ ref'd n.r.e.) (applying *Aldine* test to determine that state college professor did not hold office within meaning of article XVI, section 40).

We conclude that you do not hold an office in your capacity as attorney for the City of Alpine. You inform us that you are appointed by and serve at the will of the city council and that you "perform all services incident to [your] position as directed by the Council." Letter from J. Steven Houston, Brewster County Attorney, to Elizabeth Robinson, Chair, Opinion Committee 2 (Mar. 12, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. Given that you serve at the will and under the direction of the city council, you do not exercise a sovereign function of the city largely independent of the control of others. Thus, in your capacity as attorney for the City of Alpine, you are not an officer for purposes of article XVI, section 40. *See* Tex. Att'y Gen. LO-89-58 (concluding that person who served as attorney under the direction and at the pleasure of a city council did not hold an office for purposes of article XVI, section 40); *see also* Tex. Att'y Gen. LO-96-148 (concluding that article XVI, section 40 did not preclude elected county attorney from serving as assistant district attorney since an assistant district attorney is not an officer).

Accordingly, article XVI, section 40 does not preclude you from serving as both county attorney and attorney for the City of Alpine.

We note that the common-law doctrine of incompatibility may also preclude a public officer from holding another position. This doctrine prohibits an officer from appointing or employing himself to a position under his control. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) (holding that doctrine of incompatibility disqualifies officers with appointing power "for appointment to the offices to which they may appoint"); Tex. Att'y Gen. LA-114 (1975) at 2-4 (extending the *Ehlinger* rationale to preclude a person from serving as both school board trustee and teacher employed by the district). Because an attorney for the City of Alpine is not an appointee or employee of the Brewster County Attorney, this prohibition does not apply to your situation. *See* Tex. Att'y Gen. LO-96-148 (concluding that doctrine of incompatibility prohibition against self-appointment and self-employment did not apply to county attorney's employment as assistant district attorney given that county attorney did not appoint or supervise assistant district attorneys).

Courts, recognizing the potential danger for conflicting loyalties, have also extended the doctrine of incompatibility to preclude a person from holding "'two offices where one office might thereby impose its policies on the other or subject it to control in some other way,'" Tex. Att'y Gen. Op. No. JM-1266 (1990) at 4 (quoting Tex. Att'y Gen. Op. No. JM-129 (1984)). *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (holding that offices of school trustee and city alderman were incompatible given board of aldermen's powers over school property and authority to regulate health and safety within city). This office has concluded, however, that the concern with the potential for conflicting loyalties does not come into play when one of the two positions is merely an employment. *See* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 4. For this reason, we conclude that the doctrine of incompatibility prohibition against conflicting loyalties does not apply to your situation. *See* Tex. Att'y Gen. LO-96-148 (concluding that doctrine of incompatibility prohibition against conflicting loyalties did not apply to county attorney's employment as assistant district attorney given that latter position is merely an employment).

In addition, we note that county attorneys subject to the Professional Prosecutors Act, TEX. GOV'T CODE ANN. ch. 46 (Vernon 1988 & Supp. 1999), are precluded from engaging in the private practice of law, including providing legal advice to municipalities. *See* Tex. Att'y Gen. Op. No. JC-0034 (1999) at 4 (prosecutor subject to Act may not enter into consultation agreement with municipality). You inform us that the Brewster County Attorney is not subject to the Professional Prosecutors Act. Request Letter at 2; *see also* TEX. GOV'T CODE ANN. § 46.002 (listing prosecutors subject to the Act) (Vernon Supp. 1999). Accordingly, you are not precluded from serving as an attorney to a city by the strictures of that Act.

In conclusion, based on the information provided in your letter, we conclude that neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility precludes you from serving as both Brewster County Attorney and an attorney for the City of Alpine. In addition, because the Professional Prosecutors Act does not apply to the Brewster County

Attorney, that Act does not preclude you from serving as an attorney to a city. In sum, we conclude that you may serve as both Brewster County Attorney and an attorney for the City of Alpine. Finally, we note that while this dual service is not precluded by the Texas Constitution or the common law, there may be particular situations in which ethical conflicts arise. You should, of course, consult the Texas Disciplinary Rules of Professional Conduct with regard to such conflicts.

## S U M M A R Y

A county attorney who is not subject to the Professional Prosecutors Act, TEX. GOV'T CODE ANN. ch. 46 (Vernon 1988 & Supp. 1999), may simultaneously serve as an attorney employed at the will and under the direction of a city council of a city located in the county.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General