# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 8, 2003

The Honorable Michael J. Knight
Bee County Attorney
Bee County Courthouse, Room 204
105 West Corpus Christi Street
Beeville, Texas 78102

Opinion No. GA-0127

Re: Whether a school trustee may serve as an umpire at school district baseball games
(RQ-0086-GA)

Dear Mr. Knight:

You ask whether a school trustee may serve as an umpire at school district baseball games.[1] You explain the fact situation as follows:

> [T]he Beeville ISD obtains official (umpires) for its baseball games from the Corpus Christi Umpires Association (the "Chapter") of which the trustee is a member . . . . For the games, the Chapter itself assigns one of its members to officiate each game . . . . The district directly compensates these umpires serving at the district games . . . . [The Umpires Association] is a division of the Texas Association of Sports Officials.[2] The Umpires Association has a board and does training, supervision and assignment of the umpires.

Request Letter, *supra* note 1, at 1-2.

Article XVI, section 40 of the Texas Constitution bars an individual from simultaneously holding more than one "office of emolument." TEX. CONST. art. XVI, § 40. A trustee of an independent school district clearly holds an "office," *see Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted), but because trustees by statute serve without compensation, a trustee does not hold an office of emolument. *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996) (school trustees serve without compensation). Thus, a school trustee may serve as an umpire at school district baseball games without running afoul of article XVI, section 40.

---

[1]Letter from Honorable Michael J. Knight, Bee County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (July 23, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Schools participating in the University Interscholastic League ("UIL") are required to use officials registered with the Texas Association of Sports Officials or the UIL in varsity contests, unless they mutually decide otherwise. *See* UNIVERSITY INTERSCHOLASTIC LEAGUE, 2003-04 CONSTITUTION AND CONTEST RULES, § 1204(b), *available at* http://www.uil.utexas.edu/ath/rules/1204.html (last visited Oct. 17, 2003) [hereinafter UIL, C&CR].

We must also consider the common-law doctrine of incompatibility, which is independent of article XVI, section 40. *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 1. Three aspects of common-law incompatibility have been recognized by the courts and the attorney general: (1) self-appointment; (2) self-employment; and (3) conflicting loyalties. *See id.* The self-appointment aspect of incompatibility was described by the Texas Supreme Court in *Ehlinger v. Clark*:

> It is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Self-appointment incompatibility is not applicable to the situation you pose because the board of trustees does not appoint the umpires. Rather, the umpires are appointed by the Corpus Christi Umpires Association, a private organization. *See* Request Letter, *supra* note 1, at 2.

Self-employment incompatibility is a doctrine derived from the self-appointment aspect of incompatibility. In 1975, the attorney general concluded, on the basis of *Ehlinger v. Clark* and out-of-state authority, that the "positions of public school teacher for an independent school district and trustee for the same district are legally incompatible and cannot be simultaneously occupied by the same person." Tex. Att'y Gen. LA-114 (1975) at 8; *see also* Tex. Att'y Gen. Op. No. JC-0371 (2001); Tex. Att'y Gen. LO-97-034. An umpire in the fact situation you describe is not, however, an employee of the school district. Rather, he or she stands in the guise of an independent contractor.[3] As already noted, the Corpus Christi Umpires Association, a private organization, assigns an umpire to officiate each game. Moreover, the situation is unlike that of Attorney General Opinion JC-0371, in which this office said that a school trustee was not permitted "to serve as a volunteer, unpaid, part-time history teacher [in his district] for one period a day . . . for a single semester." Tex. Att'y Gen. Op. No. JC-0371 (2001) at 1. That opinion noted that *supervision* is the key to self-employment incompatibility. *Id.* at 3. Under the circumstances you describe, however, the district has no supervisory authority over the umpires that referee district games. Rather, the umpires are supervised by the Corpus Christi Umpires Association.[4] Thus, self-employment incompatibility does not prohibit a school trustee from serving as an umpire at district games under the facts presented here.

---

[3]Prior opinions of this office have held that an independent contractor does not hold a "position of profit" under article XVI, section 40, and that consequently, a legislator is not barred from simultaneously serving as an independent contractor for a governmental body. *See* Tex. Att'y Gen. Op. No. H-1304 (1978); Tex. Att'y Gen. LO-95-022, LO-93-031.

[4]There is a procedure for replacing an official who is not satisfactory to the coach. *See* Request Letter, *supra* note 1, at 1; *see also* UIL, C&CR, § 1204(a), *supra* note 2 (officials must be satisfactory to both parties and agreed upon in advance).

The third aspect of incompatibility – conflicting loyalties – is derived from the 1927 case of *Thomas v. Abernathy County Line Independent School District*, wherein the court found the offices of school trustee and city alderman to be incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations . . . . If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas* , 290 S.W. at 153. Under the conflicting loyalties doctrine, both positions must be offices in order for a conflict to occur. *See* Tex. Att'y Gen. Op. Nos. JC-0054 (1999), JM-1266 (1990). Although the position of school trustee is clearly an office, *see* Tex. Att'y Gen. Op. No. GA-0032 (2003) (elected official holds an office), that of umpire is not. The test for determining whether a person holds a public office was articulated by the Texas Supreme Court in *Aldine Independent School District v. Standley*:

> [T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.

*Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). It is manifest that no sovereign function of government is conferred upon an umpire assigned by a private organization to officiate a public school baseball game. As a result, the conflicting loyalties aspect of common-law incompatibility, under the facts you present, does not prohibit a school trustee from serving as an umpire at school district baseball games.[5]

---

[5]We note that two other statutes could conceivably be relevant to your inquiry. Section 11.063 of the Education Code provides that "[a] trustee of an independent school district may not accept employment with that school district until the first anniversary of the date the trustee's membership on the board ends." TEX. EDUC. CODE ANN. § 11.063 (Vernon 1996). As we have already observed, however, the trustee in question does not act as a district employee when he serves as an umpire. Rather, he acts in the capacity of independent contractor. As a result, section 11.063 does not prohibit the kind of arrangement posed by your question. Furthermore, in the unlikely event that the trustee's position as umpire would rise to the level of a sole proprietorship in which he had a substantial interest, he would be obliged to comply with the provisions of chapter 171 of the Local Government Code.

## S U M M A R Y

A member of the board of trustees of the Beeville Independent School District is not prohibited by article XVI, section 40 of the Texas Constitution, or by the common-law doctrine of incompatibility from serving as an umpire at baseball games in which his school district is involved.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee