

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

March 23, 2004

The Honorable Troy Fraser
Chair, Business & Commerce Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0169

Re: Whether the common-law doctrine of incompatibility prohibits a city council member from simultaneously serving as a member of the board of directors of a tax increment reinvestment zone created by his or her municipality under chapter 311 of the Tax Code (RQ-0120-GA)

Dear Senator Fraser:

You ask whether the common-law doctrine of incompatibility prohibits a city council member from simultaneously serving as a member of the board of directors of a tax increment reinvestment zone created by the member's municipality under chapter 311 of the Tax Code.

The Tax Increment Financing Act, chapter 311 of the Tax Code, provides for the creation of a reinvestment zone by a municipality. Section 311.003 states that "[t]he governing body of a municipality by ordinance may designate a contiguous geographic area in the jurisdiction of the municipality to be a reinvestment zone to promote development or redevelopment of the area if the governing body determines that development or redevelopment would not occur solely through private investment in the reasonably foreseeable future." TEX. TAX CODE ANN. § 311.003(a) (Vernon 2002). Before adopting an ordinance providing for a reinvestment zone, the municipality must prepare a preliminary reinvestment zone financing plan and send a copy to the governing body of each taxing unit that levies taxes on real property in the proposed zone. *Id.* § 311.003(b). The municipality must also hold public hearings on the reinvestment zone proposal, *id.* § 311.003(c); schedule meetings with officials of the taxing units in the proposed zone, *id.* § 311.003(g); and perform certain other preliminary duties, *id.* § 311.003(d)-(f). Section 311.004 describes the requisite contents of a reinvestment zone ordinance; section 311.005 details the criteria for designating an area as a reinvestment zone; and section 311.006 provides for restrictions on the composition of a reinvestment zone. *Id.* §§ 311.004-.006.

Section 311.009 sets forth the composition of the board of directors of a reinvestment zone. Each taxing unit other than the originating municipality may appoint one member to the board, and the municipality may appoint not more than ten directors. *Id.* § 311.009(a). If a taxing unit waives its right to appoint a member, the municipality may appoint additional members, so long as the total membership of the board does not exceed fifteen. *Id.* Members serve for two-year terms, except in

home-rule municipalities that have opted for terms of longer than two years for their elected officials. *Id.* § 311.009(c). Section 311.009(e) provides:

> (e) To be eligible for appointment to the board by the governing body of the municipality, an individual must:
>
>> (1) if the board is covered by Subsection (a):
>>
>>> (A) be a qualified voter of the municipality; or
>>>
>>> (B) be at least 18 years of age and own real property in the zone, whether or not the individual resides in the municipality; or
>>
>> (2) if the board is covered by Subsection (b):
>>
>>> (A) be at least 18 years of age; and
>>>
>>> (B) own real property in the zone or be an employee or agent of a person that owns real property in the zone.[1]

*Id.* § 311.009(e). You ask whether the common-law doctrine of incompatibility prohibits a member of the city council that establishes a reinvestment zone from being appointed by the council to the board of directors of the reinvestment zone.

The common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. GA-0015 (2003) at 1, JC-0564 (2002) at 1-2. Because a member of the board of a reinvestment zone is not an "employee" of the creating municipality, the self-employment aspect of incompatibility is not relevant here. The self-appointment aspect of the doctrine derives from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928). The principle states that "all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Id.* at 674. Under this doctrine, a city council that created a reinvestment zone would be barred from appointing its members to positions on the board of directors of the reinvestment zone. We note that, under *Ehlinger*, both positions must be "offices."

The last aspect of common-law incompatibility – conflicting loyalties – derives from the 1927 case of *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). This doctrine prohibits an individual from simultaneously holding two positions that would prevent him or her from exercising independent and disinterested judgment in either or both positions. It most often occurs where two governmental bodies have

---

[1]Subsection (b) of section 311.009 describes the composition of a board "[i]f the zone was designated under Section 311.005(a)(5)." Section 311.005(a) provides for four different sets of criteria for designating an area as a "reinvestment zone." Subsection (5) thereof details the requirements for one of those sets of criteria. For purposes of your question, the set of criteria under which a zone is designated is irrelevant.

overlapping geographical jurisdiction, and each has the power of taxation or the authority to contract with the other. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0032 (2003), JC-0557 (2002), DM-311 (1994), JM-1266 (1990). Both positions must be "offices" in order for conflicting-loyalties incompatibility to be applicable. *See* Tex. Att'y Gen. Op. No. JM-1266 (1990); Tex. Att'y Gen. LO-96-148, LO-95-052, LO-95-029, LO-93-027. Section 311.010(b) of the Tax Code authorizes "[t]he board of directors of a reinvestment zone and the governing body of the municipality that creates a reinvestment zone" to "each enter into agreements as the board or the governing body considers necessary or convenient to implement the project plan and reinvestment zone financing plan and achieve their purposes." TEX. TAX CODE ANN. § 311.010(b) (Vernon 2002). Thus, if we considered only the common law, conflicting-loyalties incompatibility would bar a member of an originating city council from simultaneously serving as a member of the board of directors of the reinvestment zone.

Both city council members and members of the board of directors of a reinvestment zone would appear to hold "offices." In *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), the Texas Supreme Court said that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Id.* at 583. The key phrase here is "largely independent of the control of others." On the basis of this criterion, this office has held that a person is not ordinarily an officer if his or her actions are subject to control by a superior body, for in such instance, he cannot be said to exercise his authority "largely independent of the control of others." *See* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2. Under this formulation, members of a city council, because they are elected, are clearly "officers." Likewise, members of the board of directors of a reinvestment zone would seem to be "officers," because they are appointed for specific terms, and because they are granted various powers that are not subject to approval by the originating municipality. *See* TEX. TAX CODE ANN. §§ 311.009(c), .010(b), (d)-(f) (Vernon 2002).

Section 311.009(g) of the Tax Code provides, however, that "[a] member of the board of directors of a reinvestment zone: (1) is not a public official by virtue of that position." *Id.* § 311.009(g). The question before us is thus whether the term "public official" as used in section 311.009(g) includes the term "public officer." If it does so, the legislature, by its enactment of section 311.009(g), has abrogated the common-law doctrine of incompatibility as applied to these individuals, because reinvestment zone board members have been removed from the category of "public officer." A number of Texas statutes and cases suggest that the term "public official" is at least as broad as that of "public officer."

The nepotism statutes, chapter 573 of the Government Code, define "public official" as

(A) an officer of this state or of a district, county, municipality, precinct, school district, or other political subdivision of this state;

(B) an officer or member of a board of this state or of a district, county, municipality, school district, or other political subdivision of this state; or

> (C) a judge of a court created by or under a statute of this state.

TEX. GOV'T CODE ANN. § 573.001(3) (Vernon 1994). Likewise, chapter 171 of the Local Government Code, which regulates conflicts of interest among local public officials, defines that term as follows:

> (1) "Local public official" means a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.

TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon 1999). These definitions, while arguably somewhat broader than the definition of "public officer" set forth in *Aldine* are, at a minimum, at least as broad as the *Aldine* standard.

In addition, Texas cases consistently hold that the meaning of the term "public official" for purposes of the libel statutes is broader than the "public officer" standard of *Aldine*. In *Johnson v. Southwestern Newspapers Corp.*, 855 S.W.2d 182 (Tex. App.–Amarillo 1993, writ denied), for example, the court held that, in a libel action, an individual who served as a high school athletic director, head football coach, and classroom teacher was a "public official." *Id.* at 186-87. *See also Beck v. Lone Star Broadcasting Co.*, 970 S.W.2d 610, 614 (Tex. App.–Tyler 1998, pet. denied) (assistant superintendent for business services of school district was "public official"). Similarly, in *Rogers v. Cassidy*, 946 S.W.2d 439, 448 (Tex. App.–Corpus Christi 1997, no writ), the court concluded that a city attorney who was paid on retainer was a "public official" for purposes of libel. By contrast, this office has said that an at-will city attorney is not a "public officer" under the *Aldine* test. *See* Tex. Att'y Gen. Op. No. JC-0054 (1999). *Compare HBO v. Harrison*, 983 S.W.2d 31, 36-40 (Tex. App.–Houston [14th Dist.] 1998, no pet.) (court-appointed psychologist was a "public official" under the test for actions in defamation), *with* Tex. Att'y Gen. Op. No. JM-847 (1988) (position of special commissioner in condemnation proceeding, appointed for one case only, lacks the elements of permanency and continuity essential to an "office"). These authorities indicate that the category of "public official" is at least as broad as, or, in some circumstances, broader than, that of "public officer." While every "public officer" is a "public official," the reverse is not necessarily true.

Because incompatibility is a common-law doctrine, it may be overcome by statute. *See Diversion Lake Club v. Heath*, 86 S.W.2d 441, 444 (Tex. 1935). By providing that a member of the board of directors is not a "public official," and consequently, not a "public officer," the legislature has declared that the incompatibility doctrine is preempted by statute. We conclude therefore that a city council member is not prohibited from simultaneously serving as a member of the board of directors of a tax increment reinvestment zone created by his or her municipality under chapter 311 of the Tax Code.

## S U M M A R Y

A city council member is not prohibited from simultaneously serving as a member of the board of directors of a tax increment reinvestment zone created by his or her municipality under chapter 311 of the Tax Code.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee