THOMAS et al. **v.** ABERNATHY COUNTY
LINE INDEPENDENT SCHOOL DIST.
et al.  (No. 640–4552.)

(Commission of Appeals of Texas, Section A.
Jan. 12, 1927.)

1. Officers ⬅️⟹30—Where board of aldermen
, had powers over school property and regula-
tions, offices of school trustee and alderman
held incompatible (Rev. St. 1925, arts. 1015,
1067, 1071).

Offices of school trustee and alderman *held*
incompatible, where board of aldermen had di-
rectory or supervisory powers over school prop-
erty and in respect to duties of school trustees;
possibility of conflict of discretion or duty aris-
ing in respect to health, quarantine, sanitary
or fire prevention regulations under Rev. St.
1925, arts. 1015, 1067, 1071.

·2. Officers ⬅️⟹30—School trustees, who quali-
fied as aldermen, ceased to be trustees, in
view of conflicting duties (Rev. St. 1925, arts.
1015, 1067, 1071).

School trustees, who were elected aldermen,
necessarily vacated their offices as school trus-
tees when they qualified as aldermen; positions
being incompatible on account of possible con-
flict of discretion or duty in offices in respect
to health, quarantine, sanitary and fire pre-
vention regulations, in view of Rev. St. 1925,
arts. 1015, 1067, 1071.

3. Schools and school districts ⬅️⟹57—Act of
five of seven trustees authorizing election on
issuance of bonds and tax levy held invalid,
where two of five were aldermen (Rev. St.
1925, arts. 1015, 1067, 1071).

Where five members of board of trustees,
two of whom had been elected and had qualified
as aldermen, ordered election to determine
question .of bond issuance for school district and
levying of tax therefor, and where same persons
met and canvassed returns and declared re-
sults of election, issuance and sale of bonds
and levy of tax thereunder *held* illegal, as ma-
jority of seven members of board, which was
necessary to constitute quorum, were not pres-
·ent at either meeting; trustees who had qual-
ified as aldermen having vacated offices as
school trustees, in view of incompatibility of
offices under Rev. St. 1925, arts. 1015, 1067,
1071.

4. Schools and school districts ⬅️⟹111—Tax-
payer held entitled to temporary injunction
against issuance of bonds and tax levy, where
quorum of trustees was not present at meet-
, ing authorizing election (Rev. St. 1925, arts.
1015, 1067, 1071).

In action by taxpayers for injunction against
issuance and sale of bonds and levying tax
and to prevent members of board of trustees,
who had qualified as aldermen, from acting on
board, temporary injunction should have been
granted where bond issuance and tax levy were
authorized by five of .board of seven school
trustees, two of five having qualified as alder-
men, as offices of aldermen and school trustee
were incompatible, in view of Rev. St. 1925,
arts. 1015, 1067, 1071, and school trustees

vacated their offices when they qualified as
aldermen.

5. Schools and school districts ⬅️⟹111—In suit
to enjoin aldermen from acting as school
trustees and to invalidate acts of trustees,
whether either office was office of emolument
held immaterial (Const. art. 16, § 40).

In action to enjoin persons who had quali-
fied as aldermen from acting as members of
board of trustees of school district and to en-
join issuance of bonds and levy of tax au-
thorized by board, where aldermen were neces-
sary to make quorum at time of authorization,
whether office of school trustee or alderman
was office of "emolument" under Const. art. 16,
§ 40, *held* immaterial, in view of incompatibility
of offices.

Error to Court of Civil Appeals of Seventh
Supreme Judicial District.

Suit by J. M. Thomas and others against
the Abernathy County Line Independent
School District and others, for an injunc-
tion.  An order denying a temporary in-
junction was affirmed by the Court of Civil
Appeals (278 S. W. 312), and plaintiffs bring
error.  Judgment of the Court of Civil Ap-
peals ˙reversed, and cause remanded, with
instructions.

M. J. Baird, of Plainview, for plaintiffs
in error.

Williams & Martin, of Plainview, for de-
fendants in error.

NICKELS, J.  Plaintiffs in error are tax-
payers whose properties are situate within
the territorial limits of Abernathy county
line independent school district.  The school
district was created by special act of the
Legislature, and its government is in a board
of seven trustees.  At the times here in
question Thomas, Struve, Donnell, Ragland,
and Adkinson, defendants in error, were
members of the board, as were also defend-
ants in error Smith and Lindsey, unless the
latter had vacated their offices.  Presence of
a majority (i. e., four) members of the board
is necessary to a quorum, and without the
quorum the board cannot function.  The in-
corporated town of Abernathy is within the
school district territory, and it has the al-
dermanic form of government.  Lindsey and
Smith were elected and qualified as school
trustees in April, 1924; thereafter, about
September 3, 1924, they were elected and
qualified as aldermen of the town.  Since the
latter date Lindsey has claimed the right to
occupy both the office of school trustee and
that of alderman, and has exercised the func-
tions of each office, as has Smith.  June 9,
1925, Lindsey, Smith, Struve, Ragland, and
Adkinson, purporting to act as trustees and
as quorum of the board of trustees, held a
meeting, and thereat considered a petition
for a bond and tax election, and˳ thereupon

---

⬅️⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ordered an election to be held to determine whether bonds of the district should be issued to an amount of $50,000 and a tax levied sufficient to provide for interest and sinking fund. The election was held, and on July 13, 1925, the same persons, and purportedly in the same capacities, met and canvassed the returns and declared the results of the election. The returns as thus canvassed showed that the necessary majority of votes had been cast in favor of issuance of the bonds, etc. July 17, 1925, a meeting of all members, except Smith, was held, and provision was made for issuing and selling the bonds, and the defendants in error propose to have the bonds issued and sold and to levy and collect the tax therefor.

Plaintiffs in error brought this suit July 23, 1925, for the purpose of having "said bond and tax proceedings" adjudged void, having Smith and Lindsey enjoined from further acting or claiming to act as members of the board of trustees, and having the legal members of the board to fill the vacancies, etc. Injunction pendente lite was prayed. The petition set up with detailed elaboration the facts above stated, and was duly verified. It was presented to the district judge on July 23, 1925, and, upon consideration, the order for temporary injunction was denied. This action was affirmed by the honorable Court of Civil Appeals, 278 S. W. 312.

[1] In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e. g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. See articles 1015, 1067, 1071, R. S. 1925. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

[2-4] The result of this incompatibility is that Smith and Lindsey vacated the offices of school trustees when they qualified as aldermen. State v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109. Hence the quorum necessary to enable the board of trustees to order an election or to canvass the returns and declare the result of an election did not exist, if the fact allegations be true, and, in such event, the issuance and sale of the bonds and levy of the tax therefor has no lawful warrant. Those allegations, as presented, are duly verified and are not challenged, and we believe the plaintiffs in error

are entitled to the temporary injunctive relief prayed.

[5] In view of what has been said, the question whether the office of school trustee or that of alderman is an office of "emolument" within the terms of section 40, art. 16, of the Constitution, is immaterial, and in respect to that question we do not express or imply a conclusion.

We recommend that the order of the district judge and the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded, with instructions to the district court to enter the order prayed pendente lite.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded, with direction to the district judge to enter injunctive order prayed for pendente lite, as recommended by the Commission of Appeals.