

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 17, 1990

Honorable Toby C. Wilkinson
Hunt County Attorney
4th Floor Courthouse
P. O. Box 1097
Greenville, Texas 75401

Opinion No. JM-1157

Re:     Whether the board of trustees of an independent school district may contract for tax collection with the county when the county assessor-collector is also a member of the board of directors of the appraisal district (RQ-1943)

Dear Mr. Wilkinson:

Subsection (a) of section 6.24 of the Tax Code authorizes the governing body of a taxing unit other than a county to contract, as provided by the Interlocal Cooperation Act,[1] with the governing body of another taxing unit in the county to perform duties relating to the assessment or collection of taxes.[2] You ask whether the governing body of an independent school district may contract for the collection of taxes with the county in an instance in which the county assessor-collector is also a member of the board of directors of the appraisal district in which the school district participates. You ask specifically whether the doctrines of common law

---

1.   V.T.C.S. art. 4413(32c).

2.   In Attorney General Opinion JM-833 (1987), we concluded that insofar as subsection (b) of section 6.24 of the Tax Code permitted the county commissioners and the county assessor-collector to contract duties reposed by section 14 of article VIII of the Texas Constitution in the constitutional office of county assessor-collector, the subsection is unconstitutional. Because your question involves a fact situation in which a taxing unit is seeking to have the county perform collection duties for it rather than a situation involving a county seeking to have a taxing unit perform collection duties for the county, subsection (b) of section 6.24 is not relevant. Instead, subsection (a) of section 6.24 is the provision that controls.

incompatibility and of constitutional dual office holding are violated in such a situation. See, e.g., Attorney General Opinion JM-203 (1984). In addition, it is suggested that section 6.036 of the Tax Code may be violated under the facts you describe. We conclude that neither the common law doctrine of incompatibility nor the dual office holding prohibition is implicated in the factual situation that you present. In addition, section 6.036 of the Tax Code is not violated.

Section 40 of article XVI of the Texas Constitution prohibits, except in certain specified instances, one person from holding two offices of emolument. In order for this dual office holding prohibition to be triggered, the positions involved must both be offices and each must be an office of emolument. For purposes of section 40 of article XVI of the Texas Constitution, the term "emolument" signifies a pecuniary profit, gain, or advantage. Irwin v. State, 177 S.W.2d 970 (Tex. Crim. App. 1944). The office of county tax assessor-collector is an office of emolument. Attorney General Opinion JM-833 (1987). Appraisal district board members are unpaid. Tax Code § 6.03. The office of appraisal district board member, then, is not an office of emolument. See, e.g., Attorney General Opinions MW-450 (1982); MW-81 (1979). Therefore, if a person who is an officer that occupies an office of emolument is elected to serve as an appraisal district board member, the constitutional dual office holding prohibition of section 40 of article XVI is not triggered.

The common law doctrine of incompatibility prevents one person from holding two offices if the duties are inconsistent or in conflict, or if one office is subordinate to the other. Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted); Kugle v. Glen Rose Indep. School Dist. No. 1, 50 S.W.2d 375 (Tex. Civ. App. - Waco 1932), rev'd on other grounds sub nom. Pruitt v. Glen Rose Indep. School Dist. No. 1, 84 S.W.2d 1004 (Tex. 1935). The doctrine has been held to bar a public employee from holding a public office that appoints, supervises, and controls the employee. See Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Opinions JM-862 (1988); JM-519 (1986); Attorney General Letter Advisory No. 114 (1975).

The common law rule would govern in this situation and prohibit a county tax assessor-collector from serving as an appraisal district board member were it not for subsection 6.03(a) of the Tax Code. Section 6.03 of the Tax Code governs, inter alia, the eligibility of persons to serve as members of the board of directors of appraisal districts. Subsection (a) of section 6.03 provides in relevant part:

> An individual who is otherwise eligible to
> serve on the board is not ineligible because
> of membership on the governing body of a
> taxing unit or because the individual is an
> elected official.

Subsection (a) of section 6.03 of the Tax Code constitutes a
general law exception to the common law rule and, thereby,
overrides it.[3] Therefore, the common law rule of incompati-
bility is not applicable in the factual situation that you
describe.

Finally, we understand you to ask whether any addition-
al statutory provision governing conflicts of interest is
violated in the situation that you describe. Section 6.036
of the Tax Code was added by the 71st Legislature and pro-
hibits certain individuals from entering into contracts with
appraisal districts or taxing units under certain specified
conditions. Acts 1989, 71st Leg., ch. 796, § 5 at 3592.[4]
It provides:

---

3. Section 5.001 of the Civil Practice and Remedies
Code provides:

> The rule of decision in this state consists
> of those portions of the common law of England
> that are not inconsistent with the constitution
> or the laws of this state, the constitution of
> this state, and the laws of this state.

4. Attorney General Opinion JM-1060 (1989) held that
an attorney who had entered into a contract with a taxing
unit to enforce the collection of delinquent taxes was not
barred from serving as a member of the board of directors of
the appraisal district in which that taxing unit
participates. That opinion was issued prior to the
effective date of section 6.036 of the Tax Code. As of the
effective date of that section, that opinion is no longer
controlling. We note that subsections (b), (c), and (d) of
section 49 of the bill enacting section 6.036 of the Tax
Code provides the following:

> (b) The change in law made by Sections 5 and
> 13 of this Act does not affect the validity of a
> contract executed before the effective date of
> those sections.

> (c) The change in law made by Sections 4, 5,
> 11, 12, and 13 of this Act does not affect the
> (Footnote Continued)

(a)  An individual is  not eligible to  be appointed to  or to  serve  on the  board  of directors of  an  appraisal district  if  the individual or a business entity in which  the individual has  a substantial  interest is  a party to a contract with:

(1)  the appraisal district; or

(2)  a taxing unit that participates in the appraisal  district, if  the  contract relates to the performance of an  activity governed by this title.

(b)  An appraisal district  may not  enter into a contract with a member of the board of directors of the appraisal district or with a business entity  in  which a  member  of  the board has a substantial interest.

(c)  A taxing unit  may not  enter into  a contract relating  to the  performance of  an activity governed by this title with a member of the  board of  directors of  an  appraisal district in  which the  taxing unit  partici- pates or with  a business entity  in which  a member  of  the  board  has  a  substantial interest.

(d)  For  purposes  of  this  section,  an individual has  a substantial  interest in  a business entity if:

(1)  the  combined  ownership  of  the individual and the individual's spouse  is

_____

(Footnote Continued)

eligibility of a director of an appraisal district or an appraisal  review board  member to  complete the term  being served  on the  effective date  of those sections.

(d)  The change in law made by Sections 4 and 5 of this Act does not affect the eligibility of  an individual nominated or appointed to an  appraisal district board of  directors before the  effective date of those  sections to be  appointed to or  to serve for  the term  to which  the individual  was nominated or appointed  before the effective  date of those sections.

at least 10 percent of the voting stock or shares of the business entity; or

(2)  the individual or the individual's spouse is a  partner, limited partner,  or officer of the business entity.

(e)  <u>In this section, 'business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or other entity recognized by law</u>.

(f)  This section does not limit  the application of any  other law, including  the common law relating to conflicts of interest, to an appraisal district.  (Emphasis added.)

In this instance, a county clearly does not fall within the definition of "business entity," as set forth in subsection (e).  Nor  is the Interlocal  Cooperation Act  contract permitted by  subsection 6.24  of the  Tax Code  a  contract entered  into  with  the  county  assessor-collector  as  an individual, even in her official capacity.  It is a contract entered into with the commissioners court.  We conclude that section 6.036 of the  Tax Code is  not applicable.  We  have found no other statutory provision, nor have you directed us to  one,  that  would  prohibit  the  school  district  from entering into  the contract  that you  describe.  <u>See</u> Local Gov't Code  ch. 171  (regulating conflicts  of  interest  of officers of local government).

### S U M M A R Y

The trustees  of an  independent  school district may  enter  into an  Interlocal  Co-operation Act contract with the commissioners court of a county for the collection of taxes in an instance in which the county  assessor-collector  is  a  member  of  the  board  of directors of the appraisal district in  which the independent school district participates.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General