OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 28, 2002

The Honorable Jim Solis
Chair, Committee on Economic Development
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0547

Re: Whether a mayor may serve as both a member and executive director of an industrial development corporation created by his city (RQ-0521-JC)

Dear Representative Solis:

You have requested our opinion as to whether a mayor may simultaneously serve as a member and executive director of an industrial development corporation created by his city.[1] For the reasons set forth below, we conclude that there is no impediment to such service, but that, under certain circumstances, the mayor may be obliged to disclose his salaried interest in the industrial development corporation and abstain from participation in any matter involving the corporation that is brought before the city council.

You explain that the City of Crystal City (the "City") has recently established an industrial development corporation pursuant to article 5190.6 of the Revised Civil Statutes. *See* Request Letter, *supra* note 1. An "industrial development corporation" is defined as "a corporation created and existing under the provisions of this Act as a constituted authority for the purpose of financing one or more projects." TEX. REV. CIV. STAT. ANN. art. 5190.6, § 2(10) (Vernon Supp. 2002). A city is empowered to create an industrial development corporation under the statute's general provisions or under sections 4A and 4B. Under section 4A, a corporation "consists of five directors who are appointed by the governing body of the city and who serve at the pleasure of the governing body." *Id.* § 4A(c). A section 4B corporation "consists of seven directors who are appointed by the governing body of the eligible city for two-year terms of office." *Id.* § 4B(c). "A director may be removed by the governing body of the eligible city at any time without cause." *Id.* § 4B(c). You indicate that the city council of Crystal City has appointed its mayor to serve as a member of the board of its industrial development corporation. *See* Request Letter, *supra* note 1. The industrial development corporation in turn wishes to appoint that individual as its salaried executive director. *See id.* We assume for purposes of this opinion that neither the municipal charter of the City nor the

---

[1]Letter from Honorable Jim Solis, Chair, Committee on Economic Development, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Mar. 4, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

articles of incorporation or by-laws of the Crystal City Economic Development Corporation present an obstacle to such appointment.

The common-law doctrine of incompatibility prohibits a public officer from holding two positions with inconsistent public duties. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted). It also bars a public officer who has the power of appointment from appointing himself to another office. *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). A related aspect of the latter doctrine prohibits an individual from holding both an office and an employment if the officer has a supervisory role over the employment. *See* Tex. Att'y Gen. LA-114 (1975) at 2-3. Such "self-employment" incompatibility would, in the situation you describe, bar a member of the board of an industrial development corporation from simultaneously serving as its executive director, but *only* if the board member holds a "public office."

An industrial development corporation is incorporated under the Texas Non-Profit Corporation Act, article 1396-1.01, *et seq.* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 23(a) (Vernon Supp. 2002). It "shall have and exercise all of the rights, powers, privileges, authority, and functions given by the general laws of this state to nonprofit corporations incorporated under the Texas Non-Profit Corporation Act." *Id.* By statute, an industrial development corporation "is not intended to be and shall not be a political subdivision or a political corporation within the meaning of the constitution and the laws of the state." *Id.* § 22. Furthermore, "a unit [of government] shall never delegate to a corporation any of such unit's *attributes of sovereignty*, including the power to tax, the power of eminent domain, and the police power." *Id.* (emphasis added). *See generally* Tex. Att'y Gen. Op. Nos. JC-0407 (2001), JC-0338 (2001), JC-0109 (1999). In *Aldine Indep. Sch. Dist. v. Standley*, the Texas Supreme Court said that "the determining factor which distinguishes a public officer from an employee is *whether any sovereign function of the government* is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (emphasis added). Because, by the terms of article 5190.6, an industrial development corporation bears none of the "attributes of sovereignty," it follows that, under the *Aldine* test, a member of the board of such a corporation is not a "public officer" for purposes of the common-law doctrine of incompatibility.

Our opinion in Attorney General Opinion JC-0199 does not require a contrary result. There, we concluded that a member of the Gilmer Volunteer Fire Department was barred by self-employment incompatibility from simultaneously serving as a member of the Gilmer City Council. In that case, however, the city charter created a "Fire Department for the City of Gilmer, to be maintained by the Gilmer Volunteer Fire Department for the protection of the City." Tex. Att'y Gen. Op. No. JC-0199 (2000) at 2. The position of fire chief had to be approved by the city council. *Id.* The chief, with the city manager's approval, appointed and removed "the employees of the department." *Id.* In contrast to a volunteer fire department considered in a prior opinion, JC-0199 found that "the department in Gilmer is clearly under the control of the city, is housed on city property, and is led by a chief who must be approved by the city council." *Id.*

By contrast, article 5190.6 makes clear that an industrial development corporation is *not* a part of a city's government. The executive director is appointed by the board of directors of the corporation, and is not under the control of the city. However fictional in practice the wall of separation between a city and its industrial development corporation, the legislature has erected that wall, and it is the legislature or the courts, and not this office, that must penetrate the wall of separation. We recognize the potential for abuse inherent in the appointment of, as a corporation's executive director, the mayor of the city that creates the corporation. Nevertheless, we conclude that, under existing law, "self-employment" incompatibility is not a bar to a board member's service as executive director of the corporation.

We must also consider the prohibition of article XVI, section 40 of the Texas Constitution, which bars a public officer from holding "more than one civil office of emolument." TEX. CONST. art. XVI, § 40. As we have noted, an industrial development corporation, by statute, has none of the "attributes of sovereignty," and that, as a result, under the test of *Aldine, supra,* a member of the board does not hold a "public office." It clearly follows then that a mere employee of the board does not hold a public office. Thus, even though the mayor holds a public office, he does not contravene article XVI, section 40 by holding the position of executive director of an industrial development corporation, because the latter position does not constitute a "public office." A mayor's service as executive director of his city's industrial development corporation may, however, implicate the conflict of interest provisions applicable to local public officials under chapter 171 of the Local Government Code.

Chapter 171 defines a "business entity" as "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 1999). Section 171.002(1) of the Local Government Code, which provides that "a person has a substantial interest in a business entity if . . . he owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity," *id.* § 171.002(a)(1), is not applicable to an industrial development corporation, because an industrial development corporation is, by statute, "a nonmember, nonstock corporation." TEX. REV. CIV. STAT. ANN. art. 5190.6, § 5 (Vernon Supp. 2002). Section 171.002(2) provides, however, that "a person has a substantial interest in a business entity if . . . funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year." TEX. LOC. GOV'T CODE ANN. § 171.002(a)(2) (Vernon 1999). You indicate that, as executive director of the Crystal City Industrial Development Corporation, the mayor will receive a salary. *See* Request Letter, *supra* note 1. Thus, if the income the mayor receives as an executive director of the industrial development corporation exceeds ten percent of his total gross income for the previous year, he is deemed to have "a substantial interest in" the industrial development corporation.

Section 171.001 of the Local Government Code defines a "local public official" to include "a member of the governing body . . . of any . . . municipality." TEX. LOC. GOV'T CODE ANN. § 171.001(1) (Vernon Supp. 2002). Thus, the mayor of whom you inquire is a "local public official." Section 171.004 requires a local public official who has a "substantial interest" in a

business entity to submit an affidavit disclosing that interest "before a vote or decision on any matter involving the business entity" and to abstain from further participation in the matter if the action would "have a special economic effect on the business entity that is distinguishable from its effect on the public." *Id.* § 171.004(a)(1) (Vernon 1999). The affidavit must be filed with the official record keeper of the governmental entity. *Id.* § 171.004(b). A violation of this provision is a class A misdemeanor. *Id.* § 171.003. *See generally* Tex. Att'y Gen. Op. No. DM-303 (1994).

We also note that section 171.009 of the Local Government Code does not prohibit the mayor's service as executive director of the industrial development corporation. That provision states:

> It shall be lawful for a local public official to serve as a member of the board of directors of private, nonprofit corporations when such officials receive no compensation or other remuneration from the nonprofit corporation or other nonprofit entity.

TEX. LOC. GOV'T CODE ANN. § 171.009 (Vernon 1999). Although the mayor in the situation you pose will receive a salary for his service with the industrial development corporation, that salary is attached to his service as *executive director*. Section 171.009, on the other hand, prohibits the payment of compensation for one's *membership on the board of directors* of an industrial development corporation. *Id.* From the facts presented to us, the individual in question will not receive any compensation by virtue of his membership on the board of directors.

In sum, if the mayor that is the subject of this request receives more than ten percent of his gross income from his compensation as executive director of the Crystal City Industrial Development Corporation, he must disclose that interest whenever the city council of Crystal City considers any matter involving the industrial development corporation, so long as the action contemplated will have an economic effect on the industrial development corporation that is different from its effect on the public. In such instance, he must file "an affidavit stating the nature and effect of the interest" and he must "abstain from further participation in the matter."

## S U M M A R Y

Under current law, a mayor of a city that creates an industrial development corporation pursuant to article 5190.6, Revised Civil Statutes, is not prohibited from serving as a salaried executive director of the corporation. If, however, he receives more than ten percent of his gross income from his compensation as executive director, he must disclose that interest whenever the city council considers any matter involving the industrial development corporation, so long as the action contemplated will have an economic effect on the industrial development corporation that is different from its effect on the public. In such instance, he must file "an affidavit stating the nature and effect of the interest" and he must "abstain from further participation in the matter."

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee