

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

March 1, 2005

The Honorable Allan B. Ritter
Chair, Committee on Economic Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0307

Re: Whether an individual may simultaneously serve as a trustee of the New Caney Independent School District and director of the East Montgomery County Improvement District (RQ-0269-GA)

Dear Representative Ritter:

You ask whether an individual may simultaneously serve as a trustee of the New Caney Independent School District and director of the East Montgomery County Improvement District.[1]

The East Montgomery County Improvement District (the "EMCID") was created in 1997 by special act of the legislature, as "a governmental agency, body politic and corporate, and political subdivision of the state."[2] The boundaries of the EMCID "are coextensive with the boundaries of the New Caney Independent School District and the Splendora Independent School District as those boundaries existed on January 1, 1997, but the district does not include any portion of the City of Houston as it existed on January 1, 1997." EMCID Act, *supra* note 2, § 4, at 4988. Initial directors of the EMCID were appointed by the commissioners court of Montgomery County. *See id.* § 7, at 4989. A subsequent election confirmed the district, and later, initial permanent directors were elected. *See id.* §§ 8-9, at 4989.

The EMCID has "the rights, powers, privileges, and other functions of a municipal management district under Subchapter E, chapter 325, Local Government Code," as well as "the powers given to an industrial development corporation organized under the Development Corporation Act of 1979" (article 5190.6 of the Revised Civil Statutes). *Id.* § 15, at 4990. The EMCID is specifically authorized to undertake improvement projects and services that may include:

---

[1]*See* Letter from Honorable Allan B. Ritter, Chair, Committee on Economic Development, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Aug. 27, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Act of May 28, 1997, 75th Leg., R.S., ch. 1316, § 1(a), 1997 Tex. Gen. Laws 4987 [hereinafter EMCID Act].

(1)  the construction, acquisition, lease, rental, installment purchase, improvement, rehabilitation, repair, relocation, and operation of:

(A) landscaping; lighting, banners, or signs; streets or sidewalks, pedestrian or bicycle paths and trails; pedestrian walkways, skywalks, crosswalks, or tunnels; highway right-of-way or transit corridor beautification and improvements;

(B) drainage or storm water detention improvements; solid waste, water, sewer, or power facilities and services, including electrical, gas, steam, and chilled water facilities and services;

(C) parks, lakes, gardens, recreational facilities, open space, scenic areas, and related exhibits and preserves; fountains, plazas, or pedestrian malls; public art or sculpture and related exhibits and facilities; educational or cultural exhibits and facilities; exhibits, displays, attractions, or facilities for special events, holidays, or seasonal or cultural celebrations;

(D) off-street parking facilities, bus terminals, heliports, mass-transit, or roadway-borne or water-borne transportation systems; and

(E) other public improvements, facilities, or services similar to the improvements, facilities, or services described by Paragraphs (A) through (D) of this subdivision;

(2)  the cost of removal, razing, demolition, or clearing of land or improvements in connection with providing an improvement project;

(3)  the acquisition of real or personal property or an interest in the property that is made in connection with an authorized improvement project; and

(4)  the provision of special or supplemental services to improve or promote the area in the district or to protect the public health and safety in the district, including advertising, promotion,

> tourism, health and sanitation, public safety, security, fire protection or emergency medical services, business recruitment, development, elimination of traffic congestion, and recreational, educational, or cultural improvements, enhancements or services.

*Id.* § 17, at 4991.

For revenue purposes, the EMCID is authorized to "impose a sales and use tax for the benefit of the district if authorized by a majority of the qualified voters of the district voting at an election called for that purpose." *Id.* § 21(a), at 4991. The district's board of directors is empowered to "call an election to adopt, change the rate of, or abolish a sales and use tax." *Id.* § 22(a), at 4992. However, the board "by order may abolish the local sales and use tax rate without an election." *Id.* § 26, at 4992.

You ask whether an individual may simultaneously serve on the board of directors of the EMCID and the New Caney Independent School District. *See* Request Letter, *supra* note 1, at 1. The trustees of an independent school district

> have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the [Texas Education Agency] or to the State Board of Education are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees.

TEX. EDUC. CODE ANN. § 11.151(b) (Vernon Supp. 2004-05). Section 11.152 of the Education Code authorizes the "trustees of an independent school district [to] levy and collect [ad valorem property] taxes and issue bonds." *Id.* § 11.152 (Vernon 1996).

We note initially that article XVI, section 40 of the Texas Constitution, which prohibits a person from simultaneously holding more than one "office of emolument," is not applicable to the situation you pose. *See* TEX. CONST. art. XVI, § 40. Although both positions at issue here are "offices," a school district trustee serves without compensation and thus does not occupy an "office of emolument." *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996) ("The trustees [of an independent school district] serve without compensation.").

Your question does, however, implicate the common-law doctrine of incompatibility. That doctrine recognizes and prohibits three kinds of conflicts that may arise from holding two public offices: self-appointment, self-employment, and conflicting loyalties. *See generally* Tex. Att'y Gen. Op. Nos. GA-0032 (2003), GA-0015 (2003), JC-0199 (2000), JM-1266 (1990). The first is derived from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928), in which the court stated that

> [i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Ehlinger,* 8 S.W.2d at 674. "Self-employment" incompatibility is a corollary to the "self-appointment" doctrine. It was first applied in Attorney General Opinion LA-114, which concluded that a public school teacher was ineligible to serve as a member of the board of trustees of the district in which she was employed as a teacher. *See* Tex. Att'y Gen. LA-114 (1975) at 8. Neither of these two prongs of the incompatibility doctrine is applicable here.

The instant situation implicates the third kind of incompatibility—conflicting loyalties—which was first recognized in Texas in *Thomas v. Abernathy County Independent School District,* 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). In that case, the court held that

> [t]he offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits–e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas,* 290 S.W. at 153 (citations omitted). The court concluded that "[t]he result of this incompatibility is that [the officers at issue] vacated the offices of school trustees when they qualified as aldermen." *Id.*

As we have noted, the school district is entirely encompassed within the boundaries of the EMCID. Where the geographical boundaries of two governmental bodies overlap, there is always the potential for conflict, particularly when both entities collect taxes. *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 2. You suggest, however, that this doctrine is not applicable in the present instance because the two districts impose different kinds of tax: the school district levies ad valorem taxes on real property, while the EMCID levies a sales and use tax which may be imposed only after a vote of the electorate. Although this distinction may have some superficial appeal, its limitations become obvious upon closer examination. In the first place, the EMCID directors must first *call* an election in order to impose a sales and use tax. *See* EMCID Act, *supra* note 2, § 22(a), at 4992. More significantly, the EMCID board may unilaterally *abolish* the sales and use tax without the necessity of calling an election. *See id.* § 26, at 4992. Thus, the EMCID directors retain substantial authority with regard to the levy of taxes. As we said in Opinion GA-0032, quoting Opinion

JC-0557, "'[w]here the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters.'" Tex. Att'y Gen. Op. Nos. GA-0032 (2003) at 5; JC-0557 (2002) at 5. Given the EMCID board's authority to call a sales tax election and to abolish the sales tax unilaterally, we conclude that the members of both boards retain sufficient authority over taxation to render incompatible the simultaneous holding of positions on each board by one individual.

We conclude that under the conflicting loyalties aspect of the common-law doctrine of incompatibility, an individual may not simultaneously serve as trustee of the New Caney Independent School District and director of the East Montgomery County Improvement District.

## S U M M A R Y

Under the conflicting loyalties aspect of the common-law doctrine of incompatibility, an individual may not simultaneously serve as trustee of the New Caney Independent School District and director of the East Montgomery County Improvement District.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee