April 12, 2007

The Honorable James L. Keffer
Chair, Ways and Means Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0538

Re: Whether, under the common-law doctrine of incompatibility, a member of the governing board of a metropolitan transit authority may simultaneously serve as acting city manager for one of the cities within the authority's service area (RQ-0543-GA)

Dear Representative Keffer:

You ask whether, under the common-law doctrine of incompatibility, a member of the governing board of a metropolitan transit authority (the "MTA") may simultaneously serve as acting city manager for one of the cities within the MTA service area.[1]

As you state, the common-law doctrine of incompatibility prohibits conflicts that may arise from holding two public positions. *See* Request Letter, *supra* note 1, at 1; Tex. Att'y Gen. Op. No. GA-0032 (2003) at 4. It has three aspects: (1) self-appointment; (2) self-employment; and (3) conflicting loyalties. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928); Tex. Att'y Gen. Op. Nos. GA-0468 (2006) at 1–2, GA-0360 (2005) at 4, GA-0273 (2004) at 2, GA-0132 (2003) at 2. Self-appointment incompatibility is not applicable here: The governing board of the MTA does not appoint the acting city manager, nor does the acting city manager appoint members of the MTA governing board. Similarly, self-employment incompatibility does not apply because the MTA governing board does not supervise the acting city manager, nor does the city manager supervise members of the MTA governing board.

The third component of common-law incompatibility—conflicting loyalties—prohibits an individual from holding two positions in different governmental bodies that may have conflicting interests. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0328 (2005) at 2, 4. This doctrine derives from a 1927 case in which the court declared:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable

---

[1]Letter from Honorable James L. Keffer, Chair, Ways and Means Committee, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Oct. 18, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (citation omitted).

In order for conflicting loyalties to be applicable, both positions must be "offices." *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0195 (2004) at 1–2, GA-0127 (2003) at 3, JC-0054 (1999) at 2, JM-1266 (1990) at 4. The standard for determining whether a particular position is an "office" was articulated by the Texas Supreme Court in 1955:

> [T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.

*Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955).

It is well established that, in general, an individual whose actions are subject to the control of others is not an "officer" under the test of *Aldine*. *See* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2; *see also* Tex. Att'y Gen. Op. Nos. GA-0350 (2005) at 3, GA-0199 (2004) at 2. Thus, in the usual instance, a city manager who serves at the will of a mayor and council does not hold an "office." In the situation you pose, that point is made even stronger by the existence of an "Employment Agreement," which provides, in relevant part:

> The Acting City Manager shall serve at the pleasure of the Council and nothing in this Agreement shall prevent, limit or otherwise interfere with the right of the Council, or the City Manager, to terminate the services of the City Manager at any time, subject only to applicable provisions of the City personnel policies, and the provisions set forth hereinafter in the section titled "Termination."

Request Letter, *supra* note 1, at 2 (quoting "Employment Agreement" from city at issue). Because of the referenced "Employment Agreement" between the city council and the acting city manager, who serves "at the pleasure of the Council" and is subject to termination at any time, it is clear that the acting city manager does not hold an "office" under the *Aldine* standard.

We conclude that, where a city's acting city manager is subject to an employment agreement with the mayor or the city council, the acting city manager is not barred by the common-law doctrine of incompatibility from serving as a member of the governing board of an MTA that includes the city within its service area.

## S U M M A R Y

An acting city manager who is subject to an employment agreement with the mayor or the city council is not barred by the common-law doctrine of incompatibility from serving as a member of the governing board of a metropolitan transit authority that includes the city within its service area.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee