The Honorable Stephen L. Mitchell Culberson County Attorney Post Office Box 276 Van Horn, Texas 79855
Re: Whether a member of the board of trustees of an independent school district may simultaneously serve as mayor of a type A general-law municipality that is located wholly within the geographical boundaries of the school district (RQ-0874-GA)
Dear Mr. Mitchell:
You ask whether a member of the board of trustees of an independent school district may simultaneously serve as mayor of a type A general-law municipality that is located wholly within the geographical boundaries of the school district.[1]
A type A general-law municipality is governed by the provisions of chapter 22 of the Local Government Code. See TEX. Loc. Gov'T CODE ANN. §22.001 (West 2008) ("This chapter applies only to a Type A general-law municipality."). As a consequence, such a city's "governing body consists of a mayor and five aldermen who are elected by the qualified voters of the municipality." Id. § 22.031(b). "The mayor shall preside at all meetings of the governing body of the municipality and, except in elections, may vote only if there is a tie." Id. § 22.037(a).
Moreover, the mayor, as "the chief executive officer" of the municipality, is charged with additional duties. Among those are the duty to "at all times actively ensure that the laws and ordinances . . . are properly carried out"; to "recommend to the governing body any measure, that relates to improving the finances, police, health, security, cleanliness, comfort, ornament, or good government of the municipality"; and, "[i]n the event of a riot or unlawful assembly or to preserve the peace and good order in the municipality, . . . [to] order and enforce the closing of a theater, ballroom, or other place of recreation or entertainment, or a public room or building and [to] order the arrest of a person who violates a state law or a municipal ordinance in the presence of the mayor." Id. § 22.042(a), (c), (e). Finally, the mayor has a limited veto power over municipal ordinances and resolutions. He is required to sign all ordinances and resolutions of which he approves.Id. § 52.003(a). If he fails to "sign an ordinance or resolution before the fourth day after *Page 2 
the date it is placed in the secretary's office and does not return the ordinance or resolution under Subsection (c), the ordinance or resolution takes effect as provided by law." Id. § 52.003(b). On the other hand,
 [i]f the mayor returns an ordinance or resolution to the governing body with a statement of objections before the fourth day after the date the ordinance or resolution is placed in the secretary's office, the governing body shall, on the return, reconsider the vote by which the ordinance or resolution was adopted. If a majority of the total number of members of the governing body, excluding the mayor, approve the ordinance or resolution on reconsideration and enter the votes in the journal of the governing body's proceedings, the ordinance or resolution may take effect.
Id. § 52.003(c).
In Thomas v. Abernathy County Line Independent School District,290 S.W. 152 (Tex. Comm'n App. 1927), the court considered a situation in which an incorporated town was located entirely within the boundaries of a school district, and two of the district's trustees were elected to the office of town alderman. The court, in holding that the positions of school trustee and town alderman were incompatible as a matter of law, declared:
 In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits — e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. . . . If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.
Id. at 153 (citations omitted). This branch of the common-law doctrine of compatibility, known as "conflicting loyalties," has become a well-established principle of Texas jurisprudence, and has been followed in numerous attorney general opinions. See, e.g., Tex. Att'y Gen. Op. Nos. GA-0015 (2003) (office of county commissioner and council member of city located within that county are incompatible as a matter of law);JM-634 (1987) (office of school trustee and alderman of city located within school district are incompatible); Tex. Att'y Gen. LO-93-22 (offices of school trustee and council member of city located within school district are incompatible).
No judicial decision or attorney general opinion of which we are aware has applied the Thomas principle to a scenario in which an individual is simultaneously a member of a school *Page 3 
district board of trustees and the mayor of a type A general-law city located wholly within the boundaries of the school district. Although the mayor, in the situation you pose, is generally entitled to cast a vote only in case of a tie, he is by statute a member of the municipality's governing body and its chief executive officer. See TEX. LOC. GOV'T CODE ANN. §§ 22.031(b), .037 (West 2008). Furthermore, section 22.042 imposes on the mayor a number of significant responsibilities. Id. § 22.042. Finally, as we have noted, section 52.003 grants the mayor a limited form of veto power over municipal ordinances and resolutions, subject to override by a majority of aldermen. Id. § 52.003. As in Thomas, "[i]f the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees." Thomas, 290 S.W. at 153. Thus, we believe that the principle of Thomas must be applied to the mayor of a general-law municipality as well as to its aldermen, and that, as a result, the same individual may not simultaneously serve as trustee of an independent school district and as mayor of a type A general-law municipality that is wholly located within the geographical boundaries of that school district. *Page 4 
 SUMMARY A member of the board of trustees of an independent school district may not simultaneously serve as mayor of a type A general-law municipality that is located wholly within the geographical boundaries of the school district.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 DANIEL T. HODGE First Assistant Attorney General
 DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Rick Gilpin Assistant Attorney General, Opinion Committee
[1] Request Letter at 2 (available at
http://www.texasattorneygeneral.gov). *Page 1