

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 12, 2016

The Honorable Rebecca R. Walton
Hardin County Attorney
Courthouse, Second Floor
Post Office Box 516
Kountze, Texas 77625

Opinion No. KP-0122

Re: Simultaneous service as a municipal police chief and a constable (RQ-0112-KP)

Dear Ms. Walton:

You tell us that the City of Lumberton police chief won the March primary election for constable of Precinct 5 and will take office on January 1, 2017, given that he drew no opponent for the November general election.[1] You state that Lumberton is located in Precinct 5. *See* Request Letter at 1. Thus, you ask whether the police chief may simultaneously serve as constable in that precinct. You raise two potential barriers to such dual service: the constitutional prohibition on dual office holding and the common-law doctrine of incompatibility.

Article XVI, section 40(a) of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). The prohibition applies if both positions are civil offices entitled to an emolument. *State ex. rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding). An emolument is "a pecuniary profit, gain, or advantage." *Id.* You state that both of the positions are compensated. Request Letter at 1. Thus, the applicability of the constitutional dual office holding prohibition turns on whether the two positions are "offices."

The Attorney General has "consistently determined that the office of constable is a public office within the scope of article XVI, section 40." Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2; *see also* Tex. Att'y Gen. Op. No. GA-0540 (2007) at 2. Whether a municipal police chief is also a public officer within the meaning of article XVI, section 40, depends on "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). You tell us that the Lumberton police chief "is employed by and serves at the will of the Lumberton City Council." Request Letter at 2; *see also* LUMBERTON, TEX., CODE OF ORDINANCES ch. 3, § 3.08 (2016) (providing that the police chief is an appointed city officer and that removal of such officers "shall be at the discretion of" the city council).

---

[1]*See* Letter from Honorable Rebecca R. Walton, Hardin Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (May 23, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Because the police chief is subject to removal at any time at the discretion of the city council, he does not exercise his authority "largely independent of the control of others" and thus does not hold an "office" within the meaning of article XVI, section 40. *See* Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3 (recognizing the inapplicability of a "public officer" designation if the person's "actions are subject to control and his employment may be terminated at will by a superior body").[2] Accordingly, the constitution does not prohibit the municipal police chief from simultaneously holding the office of constable in the same precinct in which Lumberton is located.

The common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. You explain that the first two aspects "do not apply in this situation because neither position appoints or employs the other." Request Letter at 2. The remaining aspect, conflicting loyalties, derives from the 1927 case of *Thomas v. Abernathy County Line Independent School District*, where the court found the offices of school trustee and city alderman to be incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy Cty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (citations omitted). Like the constitutional dual-office holding provision, the conflicting-loyalties aspect of incompatibility applies only when the two positions at issue are "offices." Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. Because the Lumberton police chief does not hold a "public office" under *Aldine*, the conflicting-loyalties aspect of the common-law doctrine of incompatibility does not bar him from simultaneously holding the position of constable in the same precinct.

---

[2]Previously, opinions of this office concluded that city police officers, among others, held "office" within the meaning of article XVI, section 40 as a matter of law. *See, e.g.*, Tex. Att'y Gen. LO-92-036 (1992) at 1; Tex. Att'y Gen. Op. No. JM-422 (1986) at 2 (concluding that the position of municipal police chief was an "office" that could not be held simultaneously with the office of constable in the same precinct). For decades, however, this office has instead used the *Aldine* test to determine whether a person holds an "office" within the meaning of article XVI, section 40. *See* Tex. Att'y Gen. Op. Nos. DM-212 (1993) at 2–5 (explaining the reasoning behind the shift to the *Aldine* test), GA-0393 (2006) at 3 & n.4.

## S U M M A R Y

Neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility bars the City of Lumberton police chief from simultaneously holding the position of constable in the same precinct where the city is located.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee