

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

November 13, 2017

Mr. Conrado M. Hein, Jr.
Interim Webb County Auditor
1110 Washington Street, Suite 201
Laredo, Texas 78040

Opinion No. KP-0172

Re: Authority of a county commissioners court under Local Government Code section 111.062 to appoint two part-time employees to fulfill the functions of a county budget officer, and the applicability of incompatibility rules to the appointed employees (RQ-0165-KP)

Dear Mr. Hein:

Your predecessor asked about the authority of a county commissioners court to fill the office of county budget officer.[1] His request letter informed us that Webb County (the "County") has a population in excess of 250,000 and elected to operate under subchapter C of chapter 111 of the Local Government Code. *See* Request Letter at 1; *see also* TEX. LOC. GOV'T CODE §§ 111.061–.075 (subchapter C entitled "Alternative Method of Budget Preparation in Counties with Population of More than 125,000"). He also told us the commissioners court did not establish the office of county budget officer nor did it appoint a full-time, single county budget officer, but instead appointed two county employees as part-time budget officers. *See* Request Letter at 1. He noted that one employee also serves as the executive administrator for the county judge, and the other employee serves as the executive administrator for the commissioners court. *Id.* at 2. With these facts your predecessor asked five questions. *See id.* at 1–2.

Your predecessor first asked whether the "appointment of two part-time budget officers rather than one full-time separate budget officer and the failure to establish a county budget office violate the intent and the provisions of the budget preparation rules and methods of [Local Government Code] Section 111.062[.]" *Id.* at 1 (emphasis omitted). Local Government Code subsection 111.062(a) provides that the "commissioners court of the county may appoint a county budget officer to prepare a county budget for the fiscal year." TEX. LOC. GOV'T CODE § 111.062(a). The authority granted to a commissioners court to appoint a county budget officer and operate under subsection C is discretionary. *See* TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). Though the request letter asserted that the County did not establish the office of county budget officer or appoint a budget officer, but instead "appointed two part-time budget officers," the minutes from the commissioners court

---

[1]*See* Letter from Mr. Leo Flores, Webb Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (June 6, 2017), https://www.texasattorneygeneral.gov/opinion/ requests-for-opinion-rqs ("Request Letter").

meeting of July 10, 2017, indicate that after the opinion request was submitted, it appointed a county budget officer as well as an assistant budget officer. Request Letter at 1 (emphasis omitted); Official Minutes for Webb Cty. Comm'rs Ct. Meeting of July 10, 2017;[2] *see also* TEX. LOC. GOV'T CODE § 111.073 (authorizing the commissioners court to employ personnel necessary to assist the budget officer). Thus, the concerns regarding the lack of establishment and appointment of a county budget officer and that two people share an officer position are now moot.[3] Accordingly, we do not address the first question. *See* Tex. Att'y Gen. Op. No. GA-1022 (2013) at 3 (declining to address moot questions).

Your predecessor next asked whether the appointment of the county judge's employee is the "equivalent" of appointing the county judge as the budget officer in violation of the conclusion in Attorney General Opinion GA-0580 that the doctrine of incompatibility prevents a commissioners court from appointing the county judge to serve as county budget officer. *See* Request Letter at 2 (citing Tex. Att'y Gen. Op. No. GA-0580 (2007) at 3). Similarly, the third question is whether the commissioners court's appointment of an employee who answers to it is "equivalent" to appointing itself as budget officer. *See id.* We consider these individuals' dual roles under the three components of the common-law doctrine of incompatibility: self-appointment, self-employment, and conflicting-loyalties. *See* Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. Self-appointment and self-employment incompatibility preclude an officer from being appointed to or employed in a position over which the officer has appointment or employment authority. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Conflicting-loyalties incompatibility prohibits a person "from simultaneously holding two positions that would prevent the person from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2; *see also Thomas v. Abernathy Cty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (holding incompatible the positions of school trustee and municipal alderman).

Here, self-appointment and self-employment incompatibility do not apply because neither the county budget officer nor the assistant budget officer serve on the commissioners court which appointed them. Conflicting-loyalties incompatibility applies only when both positions are "public offices." *See* Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. A "public officer" is one upon whom "any sovereign function of the government is conferred . . . to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). A public office also involves the authority to perform largely independent of the control of others. *See* Tex. Att'y Gen. Op. No. JC-0029 (1999) at 2. "In other words, individuals who perform sovereign functions under the direction of another are not officers." *Id.* Assuming the budget officer is an officer under *Aldine*, his other position is that of an employee serving at the direction and control of the county judge. The assistant budget officer does not exercise any sovereign power under subchapter C, and thus is not an officer, and his other

---

[2]*Available at* http://www.webbcounty.com/AgendaandMinutes (last visited Oct. 17, 2017).

[3]The footnote in Attorney General Opinion GA-0580 to which your predecessor pointed as authority that a budget officer may not be part-time merely acknowledges that larger counties are ones in which "preparing the budget is not a part-time job." Tex. Att'y Gen. Op. No. GA-0580 (2007) at 3 n.2. In so doing, it implicitly recognizes that preparation of the budget in other counties could be a part-time task. Nothing in Local Government Code chapter 111 requires the budget officer to be a full-time position. *See* TEX. LOC. GOV'T CODE §§ 111.001–.075.

position is that of an employee, subject to the direction and control of the commissioners court. Because each person's other position is an employee position and not a public office, conflicting-loyalties incompatibility does not preclude them from serving in both roles. Given this conclusion, we need not address the fifth question which is contingent upon a different conclusion.[4]

Fourth, your predecessor asked whether the county judge and a county commissioner or both may meet with the budget officers "in departmental budget meetings or in separate meetings with the intent of making budget decisions prior to the filing of the official proposed budget[.]" Request Letter at 2. This question involves the propriety of the county judge and a member of the commissioners court participating in meetings that the budget officer and the assistant budget officer may hold with the various County departments.[5] Chapter 111 as a whole provides that the county judge serves as the budget officer only in counties with a population of 225,000 or less. *See* TEX. LOC. GOV'T CODE §§ 111.001 (providing that subchapter A applies to county with population of 225,000 or less and that does not operate under subchapter C); 111.002 (providing the county judge serves as budget officer in a county operating under subchapter A); 111.062(b)(1) (requiring, in county abolishing the county budget officer position, that budget preparation duties devolve onto the county judge in counties with a population of 225,000 or less). In no instance does chapter 111 provide for a county commissioner to serve as budget officer. *See generally id.* §§ 111.001–.095. Thus, to the extent the county judge or a commissioner actually serves as the budget officer and prepares the budget, they would be acting contrary to subchapter C. *See id.* § 111.062. However, as it is the commissioners court that is ultimately responsible for adopting the budget, the county judge and the commissioners have reason to participate in conversations between the budget officer, the assistant budget officer, and the various County departments. *See id.* §§ 111.068 (requiring the commissioners court to act on the budget), 111.071 ("The budget officer may assist the commissioners court in the performance of the court's duties relating to the efficiency and effectiveness of county operations."); *see also Griffin v. Birkman*, 266 S.W.3d 189, 194–95 (Tex. App.—Austin 2008, pet. denied) (acknowledging that article V, section 18(b) of the Texas Constitution grants a county commissioners court power and broad discretion over the county budget and budgetary decisions). Moreover, nothing in Local Government Code chapter 111 expressly prohibits such participation. *See* TEX. LOC. GOV'T CODE §§ 111.001–.095. Yet, whether the situation described—the participation of the county judge and a commissioner in department meetings with the budget officer and the assistant budget officer—constitutes the preparation of the budget contrary to subchapter C involves issues of fact and, thus, exceeds the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. KP-0091 (2016) at 2 ("Fact finding is beyond the scope of an attorney general opinion[.]").

---

[4]The fifth question is if we determine that the employees cannot serve as budget officers, "will the provisions of Section 111.062 prohibit them from preparing the county's proposed budget and default the budget preparation to the county auditor[.]" Request Letter at 2.

[5]Your predecessor did not ask specifically about any Open Meetings Act implications of meetings involving members of the commissioners court. Three members of a commissioners court is a quorum for most purposes including adoption of the budget. TEX. GOV'T CODE § 311.013(b); TEX. LOC. GOV'T CODE § 81.006(a). If a quorum attends department meetings at which the county budget and other county business is discussed, it would be a meeting subject to the requirements of the Open Meetings Act. *See* TEX. GOV'T CODE § 551.001(4) (defining "meeting").

## S U M M A R Y

The common-law doctrine of incompatibility does not prohibit two individuals appointed to the positions of county budget officer and assistant budget officer from serving in those positions because of their simultaneous employment as employees of the county judge and the county commissioners court, respectively.

Whether the participation of the county judge and a commissioner in department meetings with the county budget officer and the assistant budget officer constitutes the preparation of the budget contrary to chapter 111, subchapter C is a question of fact.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee