

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 25, 2006

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0468

Re: Whether a member of a school district board of trustees may simultaneously serve as county clerk of the county in which the school district is located (RQ-0470-GA)

Dear Senator Wentworth:

You ask whether a member of a school district board of trustees may simultaneously serve as county clerk of the county in which the school district is located.[1]

You indicate that a trustee of the San Marcos Consolidated Independent School District is a candidate for county clerk of Hays County in the November election. *See* Request Letter, *supra* note 1, at 1. If she is elected, her term as county clerk would begin on January 1, 2007. *Id.* Her term as school trustee expires in May 2008. *See id.* In determining whether she may serve in both offices simultaneously, we must address article XVI, section 40 of the Texas Constitution as well as the common-law doctrine of incompatibility. *See* TEX. CONST. art. XVI, § 40.

Article XVI, section 40(a) provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." *Id.* A county clerk receives a salary and thus holds an office of emolument. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999) (commissioners court of a county shall set the amount of the compensation for county and precinct officers). On the other hand, a school district trustee "serve[s] without compensation," and thus does not hold an office of emolument. *See* TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 2006). As a result, article XVI, section 40 does not bar a member of a school district board of trustees from simultaneous service as a county clerk.

We must also consider the common-law doctrine of incompatibility, which has three aspects: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-0015 (2003) at 1. Because a county clerk neither appoints nor employs a school trustee, and a school

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Mar. 22, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

trustee neither appoints nor employs a county clerk, the first two aspects of the doctrine are not applicable to the situation you pose. The third aspect of the doctrine—conflicting loyalties—derives from a 1927 opinion of the Texas Commission of Appeals that found the offices of school trustee and city alderman incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (citation omitted).

It is well established that both positions must be offices in order for conflicting loyalties incompatibility to be applicable. *See* Tex. Att'y Gen. Op. Nos. GA-0350 (2005) at 4, GA-0273 (2004) at 3, JM-1266 (1990) at 4. A substantial majority of attorney general opinions involving conflicting loyalties incompatibility address situations in which both offices constitute membership on a local governing board. But the concept has also been applied, as here, where one of the offices does not constitute membership on a local governing board but involves some other official position. The attorney general has said, for example, that a county attorney may not serve on the board of trustees of a school district located in his county because a county attorney is authorized to investigate matters and initiate actions involving school trustees. *See* Tex. Att'y Gen. LO-95-029, at 4. For similar reasons, a district judge is barred from serving as a trustee of an independent school district located within his jurisdiction. *See* Tex. Att'y Gen. LO-98-094, at 3. Moreover, if there is a close and frequent relationship between a school district and a sheriff's office, particularly where the district embraces an unincorporated area of the county, a sheriff may not simultaneously serve as a school trustee of that district. Tex. Att'y Gen. Op. No. GA-0328 (2005) at 4.

On the other hand, this office has declared that a member of a school district board of trustees is not as a matter of law prohibited from simultaneously holding the office of county treasurer. *See* Tex. Att'y Gen. Op. No. JC-0490 (2002) at 1. That opinion reviewed the duties of a county treasurer and found that, although a number of statutes relate peripherally to the duties of treasurer with regard to school funds, these statutes "appear to prescribe purely ministerial duties." *Id.* at 3. The opinion also discussed section 113.902 of the Local Government Code, which requires a county treasurer to "direct prosecution for the recovery of any debt owed to the county," and to "supervise the collection of the debt." *Id.* (quoting Tex. Loc. Gov't Code Ann. § 113.902 (a)). The opinion noted, however, that this duty was non-exclusive, and that if it were determined that funds were owed to the county

by the school district, the commissioners court would be the proper authority to initiate suit to recover those funds. *Id.* at 4. Accordingly, this office concluded that a county treasurer was not barred as a matter of law from simultaneously serving as a school district trustee. *See id.* The opinion cautioned, however, that article XVI, section 65 of the Texas Constitution might, in the long run, complicate such dual service. *See id.* That provision effects the automatic resignation of certain county and district officers, including county clerks, who announce their candidacy or become a candidate for another office of profit or trust "at any time when the unexpired term of the [county or district] office then held shall exceed one (1) year." *See* TEX. CONST. art. XVI, § 65(b).

We must now determine whether holding the office of county clerk is incompatible with service on a school district board of trustees. The Texas Constitution provides, in relevant part:

> Sec. 20. There shall be elected for each county, by the qualified voters, a County Clerk, who shall hold his office for four years, who shall be clerk of the County and Commissioners Courts and recorder of the county . . . .

*Id.* art. V, § 20. Various statutes prescribe other duties of a county clerk. Section 51.402 of the Government Code declares that a county clerk may "issue marriage licenses" and "take affidavits and depositions." TEX. GOV'T CODE ANN. § 51.402(a) (Vernon 2005). That statute also requires the clerk, "[o]n the last day of each term of the court, [to] make a written statement of fines and jury fees received since the last statement." *Id.* § 51.402(b). A county clerk has, in addition, prescribed duties under the Local Government Code. She serves, for example, as the clerk of the commissioners court, which requires, *inter alia*, that she "keep the court's books, papers, records, and effects" and "issue the notices, writs, and process necessary for the proper execution of the court's powers and duties." TEX. LOC. GOV'T CODE ANN. § 81.003(a) (Vernon Supp. 2006). Other duties relate to the collection of fees for filing, issuing, and certifying various documents, the impaneling of juries, and the swearing of witnesses. *See id.* §§ 118.011, .051 (Vernon 1999 & Supp. 2006). Finally, the clerk has numerous duties relating to the recording of various documents and instruments, including deeds, mortgages, subdivision plats, and military discharges. *Id.* §§ 191.001, .004, 192.001, .0015, .002.

None of the aforementioned responsibilities indicate that there is any conflict between the duties of a county clerk and the duties exercised by an independent school district trustee. We conclude, therefore, that a member of a school district board of trustees is not as a matter of law prohibited from simultaneously serving as county clerk of a county in which the school district is located. As stated in Attorney General Opinion JC-0490, however, we caution that article XVI, section 65 of the Texas Constitution may ultimately complicate such dual service. *See* Tex. Att'y Gen. Op. No. JC-0490 (2002) at 4.

# S U M M A R Y

A member of a school district board of trustees is not as a matter of law prohibited from simultaneously serving as county clerk of a county in which the school district is located.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee