

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 22, 2006

The Honorable Richard E. Glaser
County and District Attorney, Fannin County
101 East Sam Rayburn Drive, Suite 301
Bonham, Texas 75418

Opinion No. GA-0402

Re: Whether an elected constable is prohibited from simultaneously serving as a full-time deputy sheriff (RQ 0383-GA)

Dear Mr. Glaser:

You ask whether an elected constable is prohibited from simultaneously serving as a full-time deputy sheriff.[1]

Article XVI, section 40 of the Texas Constitution provides in relevant part that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument . . . ." TEX. CONST. art. XVI, § 40. The Texas Supreme Court has long held that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). A constable is an elected official and clearly holds his position largely independent of the control of others. *See* TEX. CONST. art. V, § 18(a) (constable shall be elected from each precinct). A deputy sheriff, on the other hand, is not an officer because he "serves at the pleasure of the sheriff." TEX. LOC. GOV'T CODE ANN. § 85.003(c) (Vernon 1999). Thus, because a deputy sheriff does not hold an office, he is not prohibited by article XVI, section 40 from simultaneously serving as an elected constable.

We must also consider the common-law doctrine of incompatibility, which has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0328 (2005) at 1. The first two are not applicable here because neither a constable nor a deputy sheriff appoints or employs the other. It is the third aspect of incompatibility—conflicting loyalties—that is implicated by your inquiry. This doctrine was first promulgated by a Texas court in a 1927 case wherein the court found the offices of school trustee and city alderman to be incompatible. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted).

---

[1]*See* Letter from Honorable Richard E. Glaser, County and District Attorney, Fannin County, to Honorable Greg Abbott, Attorney General of Texas (Aug. 18, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

The clear holding of *Thomas* is that in order for conflicting loyalties incompatibility to be applicable to a particular situation, each position must constitute an "office." *See id.* at 152-53; *see also* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 3-4; GA-0127 (2003) at 3. Because we have determined that a deputy sheriff does not hold an office, he is not barred by conflicting loyalties incompatibility from simultaneously holding the office of constable.

We have found no statute that prohibits a sheriff from employing an elected constable such as the sheriff's deputy, nor any statute that prohibits an elected constable from simultaneously serving as a deputy sheriff. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 85.001-.023 (Vernon 1999 & Supp. 2005) (chapter 85 concerning sheriffs); *id.* §§ 86.001-.025 (chapter 86 concerning constables).

Neither the common-law doctrine of incompatibility nor article XVI, section 40, however, reaches the practical difficulties involved in holding two positions, for example, the impossibility of being in two places at once. *See* Tex. Att'y Gen. Op. Nos. GA-0214 (2004), at 4; JM-819 (1987) at 6; V-303 (1947) at 2. Moreover, as we observed in Attorney General Opinion GA-0214, an individual peace officer may be subject to "rules, ordinances, or policies that limit additional employments." Tex. Att'y Gen. Op. No. GA-0214 (2004) at 4. Accordingly, "a peace officer who is considering a second employment must also consult such provisions for additional restrictions on outside employment." *Id.*

We conclude that an elected constable is not prohibited by article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a deputy sheriff.

**S U M M A R Y**

An elected constable is not prohibited by article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a deputy sheriff.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee