ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 26, 2007

The Honorable Craig Watkins
Dallas County Criminal District Attorney
Frank Crowley Courts Building
133 North Industrial Boulevard, LB 19
Dallas, Texas 75207-4313

Opinion No. GA-0557

Re: Whether, under particular circumstances, a former district judge may be employed in the same county in which she sat as a judge (RQ-0565-GA)

Dear Mr. Watkins:

You ask about "an appearance of impropriety, a conflict of interest or a violation of any law" with respect to current employment of a former district judge.[1] You tell us that a former district judge, Ms. Green, served in a Dallas County District Court and heard family law matters, including cases that involve Child Protective Services ("CPS") removing a child from a home. *See* Request Letter, *supra* note 1, at 1. You inform us that while presiding over these CPS cases, Ms. Green "appointed and paid attorneys out of the general fund of Dallas County." *Id.* at 2. Ms. Green served as district judge until December 31, 2006,[2] and is currently employed as an assistant district attorney for Dallas County. *See* Request Letter, *supra* note 1, at 1. In that position, Ms. Green prosecutes CPS cases and also supervises attorneys who prosecute CPS cases. *See id.* at 2. In some of the cases currently being prosecuted by the district attorney's office, opposing counsel was appointed and paid out of county funds by order of then-presiding Ms. Green. *See id.*

---

[1]Letter from Honorable Craig Watkins, Dallas County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 24, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Questions regarding an appearance of impropriety or conflict of interest for judges are primarily governed by the Texas Code of Judicial Conduct. *See* TEX. CODE JUD. CONDUCT, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon 2005 & Supp. 2006). In the absence of any indication that Ms. Green is subject to assignment under chapter 74, Texas Government Code, we assume that she is no longer subject to the Code of Judicial Conduct. *See id.* Canons 6A, F (providing canons applicable to former judges subject to assignment); *see also* TEX. GOV'T CODE ANN. §§ 74.054(a)(3) (Vernon 2005) (providing for judicial assignment), 74.055(c)(prescribing eligibility requirements for judicial assignment, including certification of a "willingness not to appear and plead as an attorney in any court in this state for a period of two years"), 82.064(a) ("A judge . . . of . . . a district court . . . may not appear and plead as an attorney at law in any court of record in this state."). In the event Ms. Green is subject to the Code of Judicial Conduct, the State Commission on Judicial Conduct is responsible, in the first instance, for applying the judicial canons to specific conduct by judges. *See* TEX. CONST. art. V, § 1-a(2), (6)(A), (8); *see also* TEX. GOV'T CODE ANN. §§ 33.001–.051 (Vernon 2004) (pertaining to State Commission on Judicial Conduct).

You further inform us that your office has taken certain steps to avoid "the appearance of impropriety, a conflict of interest or a violation of any law." *Id.* You state that Ms. Green "will not handle any case filed" in the court in which she served, nor will Ms. Green "handle any case filed in another court that is related . . . to a case" filed in the court in which she formerly served. *Id.* Additionally, you tell us that the prosecutors under Ms. Green's supervision will not consult with her about those same cases or discuss the cases in her presence. *See id.* And you inform us you are "sending written notice to the parties on those cases" as required under the Texas Disciplinary Rules of Professional Conduct. *Id.* (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(c)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9)).

In addition to your primary question, you also inquire whether the steps you have taken to screen Ms. Green are sufficient and "[u]nder what circumstances [Ms. Green may] consult with [or] advise the other attorneys that she is currently supervising [about] cases filed in or related to" cases filed in Ms. Green's former court. Request Letter, *supra* note 1, at 2. You seek our opinion regarding various aspects of Ms. Green's ability to prosecute cases or supervise attorneys on future cases to be filed in her former court. *See id.*

We first note that Ms. Green's current employment does not implicate laws pertaining to dual office holding and conflicts of interest. The proscriptions against dual office holding that stem from the constitutional prohibition and the common-law doctrine of incompatibility are not applicable here. *See* TEX. CONST. art. XVI, § 40 (prohibiting individual from simultaneously holding more than one "civil office of emolument");[3] *see also Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted) (discussing common-law incompatibility). For any relevant prohibition against dual office holding to arise, an individual must simultaneously hold two offices. An assistant district attorney does not hold a public office. *See State ex. rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (recognizing that an assistant district attorney is an employee, not a public officer); *accord Powell v. State*, 898 S.W.2d 821, 825 (Tex. Crim. App. 1994). And further, Ms. Green does not hold two offices because she no longer serves as judge. *See supra*, note 2. Accordingly, Ms. Green's current employment as an assistant district attorney does not violate laws governing dual office holding.

Similarly, constitutional and statutory provisions governing conflicts of interests are not implicated by Ms. Green's current employment. Chapter 572, Government Code, contains standards of conduct for state officers and employees. *See* TEX. GOV'T CODE ANN. ch. 572 (Vernon 2004 & Supp. 2006). An assistant district attorney, however, is not a state employee subject to chapter 572. *See id.* §§ 572.002(11) (Vernon Supp. 2006) (defining "state employee" to include individuals, not state officers, who are employed by a state agency), 572.002(10) (defining "state agency" to include departments, offices, or other agencies that have authority that is not limited to a geographical portion of the state); *see also id.* chs. 43 (Vernon 2004 & Supp. 2006) (defining judicial districts for district attorneys), 44 (defining county territory for criminal district attorneys). And because Ms.

---

[3] *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.) (recognizing there is no distinction between "civil office" and "public office").

Green serves as an assistant district attorney rather than as a judge, the constitutional conflict of interest provision pertaining to judges is also not a bar. *See* TEX. CONST. art. V, § 11.

Questions involving a lawyer's appearance of impropriety or conflict of interest arising from the representation of a particular client are governed by the Texas Disciplinary Rules of Professional Conduct ("rules of professional conduct"). *See generally* TEX. DISCIPLINARY R. PROF'L CONDUCT, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005 & Supp. 2006) (TEX. STATE BAR R. art. X, § 9). Violations of, or sufficiency of actions taken under, the rules of professional conduct are to be decided in the first instance by the lawyer, or by the disciplinary arm of the Supreme Court of Texas and the State Bar of Texas.[4] *See id.* Preamble ¶ 15 (Vernon 2005) (stating that rules are basis for lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority); *see also* TEX. GOV'T CODE ANN. § 81.071 (Vernon 2005) ("Each attorney admitted to practice in this state . . . is subject to the disciplinary . . . jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar."); TEX. R. DISCIPLINARY P. Preamble, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon 2005 & Supp. 2006) (disciplinary rules of procedure stating that the "Supreme Court of Texas has the constitutional and statutory responsibility within the State for the lawyer discipline . . . system"). The issuance of opinions on the propriety of attorney behavior under the rules of professional conduct is a statutory function of the Committee on Professional Ethics, which consists of nine members of the Texas State Bar who are appointed by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 81.091 (Vernon 2005) (creating Committee on Professional Ethics), 81.092(a) (providing that the committee shall "express its opinion on the propriety of professional conduct"); *see also* Tex. Att'y Gen. Op. No. GA-0488 (2006) at 3 (stating the Committee on Professional Ethics is the "appropriate body to consider the attorney's responsibility under the Texas Disciplinary Rules of Professional Conduct").

Your query[5] thus requires a determination that initially is to be made by Ms. Green and the State Bar of Texas. Moreover, questions about rules of professional conduct violations require an examination of all the facts in a particular circumstance and are not appropriate for an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0087 (2003) at 1 (recognizing that conflict of interest questions involve questions of fact). Therefore, we cannot resolve your questions about any appearance of impropriety or a conflict of interest under the rules of professional conduct. For the same reasons, we cannot evaluate the sufficiency of efforts taken by your office to ensure that Ms. Green's activities as assistant district attorney comport with the rules of professional conduct.

---

[4]The Texas Supreme Court has exclusive authority to regulate the practice of law in the State of Texas. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *see also* TEX. GOV'T CODE ANN. § 81.071 (Vernon 2005) (disciplinary jurisdiction over each attorney admitted to practice in the state). The State Bar of Texas is an arm of the judiciary created to assist in the regulation of the practice of law. *See* TEX. GOV'T CODE ANN. § 81.011 (Vernon 2005).

[5]You do not ask about any impropriety, conflict of interest, or violation of law regarding Ms. Green's tenure as district judge. *See* Request Letter, *supra* note 1, at 1–2. Thus, we do not consider any possible violation of provisions governing successive employment of state officers or adjudicatory officials. *See* TEX. GOV'T CODE ANN. § 572.054 (Vernon 2004); *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.11(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9).

## S U M M A R Y

The employment of a former district judge as an assistant district attorney, under the particular circumstances, does not violate constitutional and statutory provisions pertaining to dual office holding or conflicts of interest.

The professional conduct of attorneys is governed by the Texas Disciplinary Rules of Professional Conduct. Such rules include prohibitions against appearances of impropriety and conflicts of interest, but violations thereof are to be determined, in the first instance, by the attorney and the disciplinary arm of the Supreme Court of Texas and the State Bar of Texas. Morever, questions about violations of the rules of professional conduct cannot be answered in an attorney general opinion because they involve considerations of fact.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee