

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

June 9, 2015

The Honorable René M. Peña
81st Judicial District Attorney
1327 Third Street
Floresville, Texas 78114

Opinion No.   KP-0023

Re:   Whether a member of a board of trustees of an independent school district may also serve as a trustee of a county hospital board with overlapping jurisdiction (RQ-1234-GA)

Dear Mr. Peña:

You ask whether a trustee of an independent school district may also serve as a trustee on a county hospital district board where the two governmental entities overlap in jurisdiction.[1] You tell us that the La Vernia Independent School District, on whose behalf you seek an opinion, is located primarily in Wilson County and overlaps in geographic territory with the Wilson County Memorial Hospital District. Request Letter at 1.

With certain exceptions not relevant here, the Texas Constitution, article XVI, section 40, prohibits a person from simultaneously holding more than one "office of emolument." TEX. CONST. art. XVI, § 40. "An 'emolument' is compensation paid to the officer and does not include reimbursement for actual expenses." Tex. Att'y Gen. Op. No. GA-0214 (2004) at 2. Both offices about which you ask are ones in which a person serves without compensation. *See* TEX. EDUC. CODE ANN. § 11.061(d) (West 2012) (providing that trustee of an independent school district serves without compensation); TEX. SPEC. DIST. CODE ANN. § 1115.057 (West 2014) (governing the Wilson County Memorial Hospital District and providing that a trustee serves without compensation). Thus, neither office is one of emolument subject to the constraint in article XVI, section 40.

Absent a constitutional prohibition, we consider the three aspects of the common-law doctrine of incompatibility: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-0328 (2005) at 1. Self-appointment incompatibility is derived from the Texas Supreme Court, which said that "[i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing

---

[1]*See* Letter from the Honorable René M. Peña, 81st Jud. Dist. Att'y, to Office of the Tex. Att'y Gen. at 1 (Dec. 18, 2014), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

power are disqualified for appointment to the offices to which they may appoint." *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). The self-employment aspect prohibits a person from holding both an office and an employment that the office supervises. *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 4 (stating that the key aspect of self-employment incompatibility is supervision). Because neither of the offices about which you ask appoints or employs the other, we examine your question under the conflicting-loyalties incompatibility analysis. *See* Tex. Att'y Gen. Op. No. GA-0328 (2005) at 1.

The doctrine of conflicting-loyalties incompatibility was first announced by a Texas court in the case of *Thomas v. Abernathy County Line Independent School District*, in which the court held the offices of school trustee and city alderman to be incompatible. *Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted). The court said that

> there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Id.* (citations omitted). In determining whether two offices are incompatible, "the crucial question is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994).

Where the geographic boundaries of the two entities that are served by a single individual overlap, the potential for conflicting loyalties increases because the duties of the two offices are more likely to conflict. *See* Tex. Att'y Gen. Op. Nos. GA-0786 (2010) at 2, GA-0348 (2005) at 3, GA-0015 (2003) at 2. In particular, this office has consistently concluded that where "two districts with overlapping geographical jurisdictions each have the power of taxation, . . . the potential for conflict is insurmountable." Tex. Att'y Gen. Op. No. GA-0032 (2003) at 5; *see also* Tex. Att'y Gen. Op. Nos. GA-0786 (2010) at 3–4, JM-1266 (1990) at 4. "Where the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters." Tex. Att'y Gen. Op. No. GA-0032 (2003) at 5.

A board of trustees of an independent school district, such as the La Vernia Independent School District, is authorized to levy and collect ad valorem taxes. *See* Tex. Educ. Code Ann. § 11.152 (West 2012); *see also id.* §§ 11.1511(c)(1)–(2) (authorizing levy of ad valorem taxes for principal and interest payments on issued bonds and for the maintenance and operation of the district), 45.001(a)(2) (authorizing the governing board of an independent school district to levy

and collect ad valorem taxes).   Likewise, the Wilson County Memorial Hospital District is authorized to impose ad valorem taxes on property in the district. *See* TEX. SPEC. DIST. CODE ANN. § 1115.251(a) (West 2014) (governing Wilson County Memorial Hospital District).  Because each of the entities about which you ask has taxing authority in territory that overlaps with the other, simultaneous service on the governing body of both entities is prohibited by conflicting-loyalties incompatibility.  Thus, a person may not serve as a member of the board of trustees of the La Vernia Independent School District while simultaneously serving as a member of the board of the Wilson County Memorial Hospital District.

## S U M M A R Y

A person may not serve as a member of the board of trustees of the La Vernia Independent School District while simultaneously serving as a member of the board of the Wilson County Memorial Hospital District.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee