

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

October 1, 2024

The Honorable Jenny P. Dorsey
Nueces County Attorney
901 Leopard Street, Room 207
Corpus Christi, Texas 78401-3689

**Opinion No. KP-0474**

Re: Whether a member of the board of managers of the Nueces County Hospital District may simultaneously serve as a member of the board of directors of the Corpus Christi Regional Transit Authority (RQ-0534-KP)

Dear Ms. Dorsey:

On behalf of the Nueces County Commissioners Court, you ask whether the common-law doctrine of incompatibility prohibits a person from simultaneously serving as a member of the board of managers of the Nueces County Hospital District ("Hospital District") and a member of the board of directors "of the Corpus Christi Regional Transit Authority" ("Transit Authority").[1] You explain that an individual was sworn in as a Hospital District board manager and subsequently sworn in as a Transit Authority board member, prompting your request.[2] Request Letter at 1.

The common-law doctrine of incompatibility prohibits dual public service in cases of self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. KP-0125 (2017) at 1. Self-appointment incompatibility is derived from a Texas Supreme Court opinion, which explained that

> [i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the

---

[1]Letter from Honorable Jenny P. Dorsey, Nueces Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 29, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0534KP.pdf ("Request Letter").

[2]A brief submitted to our office on behalf of the Transit Authority in response to your request explains that the individual was initially appointed to the Transit Authority board by the City of Corpus Christi on, or about, August 2, 2023, and "[a]t the time of his appointment, he also was a member of the Board of Managers of the Nueces County Hospital District, appointed to that position by the Nueces County Commissioners Court." Brief from John D. Bell, Gen. Couns., Corpus Christi Reg'l Transp. Auth., to Austin Kinghorn, Chair, Op. Comm. at 2 (Mar. 7, 2024) (on file with the Op. Comm.) ("Transit Authority Brief"). The brief further explains that, on January 10, 2024, the Transit Authority board members chose the individual to serve as the board chair. *Id.*

country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). The self-employment aspect of the doctrine prohibits a person from holding both an office and an employment that the office supervises. *See* Tex. Att'y Gen. Op. No. KP-0054 (2015) at 1. To consider the first two types of incompatibility, we examine some background regarding the two entities.

You tell us the Hospital District was created on July 18, 1967, "pursuant to Article IX, Section 4 of the Texas Constitution" and is governed by chapter 281 of the Health and Safety Code. Request Letter at 3; *see generally* TEX. HEALTH & SAFETY CODE §§ 281.002–.003 (authorizing certain counties to create hospital districts, subject to approval by the voters). You further tell us that the Hospital District board consists of seven members appointed by the Nueces County Commissioners Court. Request Letter at 3; *see also* TEX. HEALTH & SAFETY CODE § 281.021(a) ("The commissioners court of a county in which a district is created under this chapter shall appoint a board of hospital managers composed of not less than five or more than seven members.").

You indicate the Transit Authority "was established on August 10, 1985, by public vote" and is governed by chapter 451 of the Transportation Code. Request Letter at 4; *see generally* TEX. TRANSP. CODE §§ 451.001–.758 (governing metropolitan rapid transit authorities). You state the Transit Authority board consists of eleven total members—five appointed by the City of Corpus Christi, three appointed by the Nueces County Commissioners Court, two appointed by a committee of mayors, and one (the chair) appointed by the board itself. Request Letter at 4; *see also* TEX. TRANSP. CODE § 451.502 (providing for appointment of transit authority board members); Transit Authority Brief at 2 (describing the composition of the Transit Authority board in the same manner as the Request Letter).

Because neither the Hospital District board nor the Transit Authority board appoints the members of the other, the self-appointment aspect of the doctrine is not at issue here.[3] Likewise, we have no information that self-employment incompatibility is implicated. *See* Request Letter at 3–5 (describing only that the individual is a member of the two boards and not, for instance, an employee of either); *see also* Transit Authority Brief at 2–3.

We next turn to the conflicting-loyalties aspect of the doctrine, which precludes a person "from simultaneously holding two positions that would prevent [the person] from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2; *see also Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (holding the positions of school trustee and municipal alderman as incompatible because "e.g., there might well arise a conflict of discretion or duty in respect" to certain regulatory authority). The "crucial question" in determining whether two offices are incompatible "is whether the occupancy of both offices by the same person is detrimental to

---

[3]The Transit Authority tells us that "[n]either entity has any power of appointment over the other entity." Transit Authority Brief at 3.

the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994).

As a threshold matter, the conflicting-loyalties aspect of the doctrine applies only when both positions are public officers. *See* Tex. Att'y Gen. Op. No. KP-0125 (2017) at 2. A public officer is one to whom "any sovereign function of the government is conferred . . . to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (citation omitted). This office has previously concluded that members of a hospital district board and members of a regional transit authority board are public officers. *See, e.g.*, Tex. Att'y Gen. Op. No. KP-0023 (2015) at 1 (considering whether an independent school district trustee may also serve as a county hospital district board trustee); Tex. Att'y Gen. LO-88-66 at 2 (concluding a board member of a transit authority meets the "sovereign function" test set out in *Aldine*). Moreover, you tell us "[i]t is not contested that both" the Hospital District and Transit Authority board "positions are public offices." Request Letter at 3.

Where the geographic boundaries of two public entities overlap, "the potential for conflicting loyalties increases because the duties of the two offices are more likely to conflict." Tex. Att'y Gen. Op. No. KP-0125 (2017) at 2 (quoting Tex. Att'y Gen. Op. No. KP-0023 (2015) at 2). You explain that the Hospital District and Transit Authority have overlapping jurisdiction in Nueces County. Request Letter at 2; *see also* Transit Authority Brief at 3 (explaining that while the Transit Authority "has a somewhat larger service area including portions of San Patricio County and Kleberg County, a large portion overlaps with the county-wide jurisdiction of the Nueces County Hospital District").

This office has indicated that when two entities have overlapping geographical jurisdiction and each has the power of taxation, the potential for conflict is insurmountable. Tex. Att'y Gen. Op. No. JS-0006 (2023) at 3. A transit authority is authorized to "impose any kind of tax except an ad valorem property tax." TEX. TRANSP. CODE § 451.401; *see also* Request Letter at 4 (stating the Transit Authority "imposes a sales and use tax" in Nueces County). And while you tell us the Hospital District has authority to levy ad valorem taxes, you question whether an insurmountable conflict exists because the Hospital District's tax is apparently set by the Nueces County Commissioners Court, not the Hospital District's board of managers.[4] *See* Request Letter at 2; *see also* TEX. HEALTH & SAFETY CODE § 281.096 (addressing a commissioners court's authority as to hospital district ad valorem taxes). To the extent the Hospital District board is, in fact, participating in Hospital District tax decisions, it could be a basis for rendering the positions incompatible.[5]

---

[4]You also question whether this conflict applies because the entities impose two different types of taxes. Request Letter at 2. But, as you note, this office has previously determined an individual's simultaneous service with two entities that impose different types of taxes may implicate conflicting loyalties. *See id.* at 2–3 (citing Tex. Att'y Gen. Op. Nos. KP-0125 (2017), GA-0307 (2005)).

[5]This appears to be a rare instance in which we find no clear statutory authority for the board's participation in tax decisions, but you tell us, as a matter of fact, the board is participating in the ad valorem tax process. *Id.* at 2 (stating that the commissioners court "must either accept or reject *the request by*" the Hospital District board (emphasis added)).

Even assuming the nature of the overlapping taxation authority here does not implicate conflicting-loyalties incompatibility, other "conflict[s] of discretion or duty" may exist that do implicate conflicting-loyalties. *Thomas*, 290 S.W. at 153; *see also, e.g.*, Tex. Att'y Gen. Op. No. KP-0119 (2016) at 3 (concluding that "[w]hile the appointed trustees' lack of authority to participate in tax and revenue decisions ameliorates one potential basis of incompatibility, offices of two governing bodies are incompatible whenever one entity may exert authority contrary to the interests the other"). For instance, where entities have overlapping geographic jurisdiction, overlapping functions, authority to contract with one another, and authority to exercise eminent domain authority in the territory of the other, we have generally concluded that dual service by one individual on the governing boards of both entities is prohibited. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0786 (2010) at 4–6.

Accordingly, we consider the statutory functions of the Hospital District and Transit Authority boards. Without examining all their functions, we note that the Hospital District may use its funds for emergency medical services. *See, e.g.*, TEX. HEALTH & SAFETY CODE § 281.094(a) (providing that "[w]ith the approval of the Nueces County Commissioners Court, the board of the Nueces County Hospital District may use funds made available to the district from sources other than a tax levy to fund health care services, including . . . emergency medical services"). And the Transit Authority has authority to provide emergency medical services. *See* TEX. TRANSP. CODE § 451.067 ("An authority in which the principal municipality has a population of less than 320,000 may provide emergency medical services.");[6] Tex. Att'y Gen. LO-96-076 at 2 (discussing the Transit Authority's authority to provide emergency medical services). This overlapping function as to emergency medical services is a potential basis for conflict.

We next consider the respective contracting authority of the entities. You tell us the Transit Authority and Hospital District may contract with one another. Request Letter at 4; *see also, e.g.*, TEX. HEALTH & SAFETY CODE § 281.051(a)(3) (providing that, with the approval of the commissioners court, a hospital district may in performing certain enumerated powers contract or cooperate with another governmental entity); TEX. TRANSP. CODE § 451.055(a) (providing a rapid transit authority "may contract with any person"). In fact, the Transit Authority explains the two entities have contracted with one another in the distant past. Transit Authority Brief at 4 (describing an easement agreement between the two entities "to expand a bus stop in front of a facility operated by the Hospital District"); *see also* Request Letter at 4 (stating you "find no written evidence of a contract between the two in recent memory"). That the two entities have not had a contract with one another in many years does not preclude the potential that they may contract in the future.

Finally, we consider the entities' respective powers of eminent domain. You tell us that both the Transit Authority and Hospital District possess eminent domain authority. Request Letter at 4; *see also, e.g.*, TEX. HEALTH & SAFETY CODE § 281.054; TEX. TRANSP. CODE § 451.058(c). The exercise of that authority in the future by one entity could affect the interests of the other.

---

[6]The Transit Authority tells us that within chapter 451, it is "an authority in which the principal city has a population of less than 320,000 or as determined by its confirmation date of August 10, 1985." Transit Authority Brief at 1.

In conclusion, even assuming the overlapping taxation authority of the entities does not implicate conflicting-loyalties incompatibility, a court would likely conclude that the entities' overlapping functions, contract authority, and powers of eminent domain in overlapping territory are all factors under the conflicting-loyalties analysis that prohibit an individual from simultaneously serving on both boards.

## S U M M A R Y

A court would likely conclude that the conflicting-loyalties aspect of common-law incompatibility precludes an individual from simultaneously serving as a member of the board of managers of the Nueces County Hospital District and a member of the board of directors of the Corpus Christi Regional Transit Authority.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee